PIPER and Others v. THE CONNERSVILLE AND LIBERTY
TURNPIKE ROAD COMPANY.

An appeal lies from the decision of the Circuit Court in a proceeding for the assessment of damages.

May Term,
1859.

PIPER
v.
THE CON-
NERSVILLE,
&C., TURN-
PIKE CO.

The general law providing for appeals to the Supreme Court (2 R. S. p. 158, § 550), repealed the provision of the statute (1 R. S. p. 395, § 7) making the decision of the Circuit Court final in such cases.

The Court, in this case, by agreement of parties, ordered that three viewers should examine certain premises, and assess the damage occasioned by the construction of the road through them, and that if they should desire to hear evidence they must notify the parties; and the parties acquiesced in the order. Two of the viewers did not desire to hear evidence; but made their report upon their examination of the premises.

*Held,* 1. That it could not be objected that the assessment was made without hearing evidence.

2. That the viewers were not a jury; that by the agreement to an assessment by viewers, the right to a jury was waived; that the action of a majority of the viewers was sufficient.

APPEAL from the *Fayette* Circuit Court.

*Wednesday,*
*June 8.*

WORDEN, J.—This was a proceeding before a justice of the peace, by the appellees, to procure an assessment of damages sustained by the appellants in consequence of the running of the road of the company through the land of the appellants. An assessment was made before the justice, from which the appellants in this Court appealed to the Circuit Court. The proceedings were had under the provisions of the "act authorizing the construction of plank, macadamized, and gravel roads." 1 R. S. p. 394.

In the Circuit Court, the cause came on for hearing before the Court, whereupon the Court, by the consent of the parties, appointed three disinterested resident citizens, as viewers to assess the damages, who were duly sworn, and by the agreement of the parties were permitted to view the premises, and it was ordered that, if before making their report, they should deem it necessary to hear the evidence of the witnesses subpœnaed, they should give notice to the parties respectively.

Two of the viewers thus appointed made their report, assessing the damages at 75 dollars.

The other one reported that he could not agree with his co-viewers as to the amount of damages to be assessed, and asked to be allowed, with the other viewers, to hear evidence touching the extent of injury and amount of damages, before making his final return.

The Court, on motion of the company, confirmed the

VOL. XII.—26

May Term,
1859.

PIPER
v.
THE CON-
NERSVILLE,
&C., TURN-
PIKE Co.

majority report, and rendered judgment in favor of the appellants for the sum thus assessed. Appellants moved for a new trial, but the motion was overruled and exception was taken.

The appellees make the point, that an appeal does not lie to this Court from the decision of the Circuit Court in such case. But this is settled the other way by the case of *The Indiana Central Railway Co.* v. *Atkinson,* 6 Ind. R. 149, and case there cited. It may be further observed in relation to this point, that although the statute on which these proceedings are based, provides that "the judgment of the Circuit Court shall be final between the parties" (1 R. S. p. 395, § 7), yet this statute was approved prior to the general statute providing for appeals to the Supreme Court. 2 R. S. p. 158, § 550. The statute last cited provides for an appeal from the Circuit and Common Pleas to the Supreme Court, from all final judgments, except in actions originating before a justice of the peace, or mayor of a city, where the amount in controversy exclusive of interest and costs, does not exceed 10 dollars. The language of this statute undoubtedly covers such a case as the present, and if there is any conflict between the two statutes, the latter must govern, as it would, by implication, repeal the former. Ind. Dig., p. 750, § 38.

The first error complained of is, that the viewers viewed the premises, and two of them assessed the damages, without hearing evidence as to the true amount of damages. There is nothing in this objection. The record does not show that the appellants offered any testimony, nor that they, in any manner, objected to the viewers examining the premises and making the assessment upon such examination, unless they themselves should wish to hear testimony as to the amount of damages. The Court made the order by the agreement of the parties, that the viewers should examine the premises, and if they should desire to hear evidence, they should notify the parties. This order was acquiesced in by the parties. Two of the viewers did not desire to hear evidence, and made their report upon their examination of the premises. We think it was then

too late to object that the assessment was made without hearing evidence.

May Term, 1859.

PIPER
v.
THE CON-
NERSVILLE,
&c., TURN-
PIKE Co.

The second objection is, that the Court received and adopted the report of the majority of the viewers, without showing the cause of the absence of the other, and accounting therefor. This error is not true in point of fact, as the record shows that the third viewer was present and made his report, showing that he had acted with the others, but could not agree with them in the conclusion to which they had come.

The third error assigned is, that as the viewers are to be regarded as jurors, their report or verdict must be unanimous, or it is a nullity; that otherwise the constitutional right of trial by jury would be violated.

Under the decision of this Court, in the case of *The Lake Erie, Wabash, and St. Louis Railroad Co.* v. *Heath*, 9 Ind. R. 558, the appellants, had they demanded it, would have been entitled to a jury trial, but they did not do so; on the contrary they, by agreement, consented to the appointment of viewers, as provided in the statute under which the proceedings were had. In the case above cited, the Court, in speaking of the constitutional provision in reference to the right of trial by jury, say that "It is a provision, however, which a party may waive. Had the defendant below, in this case, not demanded a jury, but acquiesced in the appointment of a new set of appraisers, the case would have stood like an ordinary one where a jury is waived."

The appellants having waived the right of trial by jury, and consented to the assessment of damages by viewers, under the provisions of the statute, it remains to inquire whether the action of the majority of those viewers is sufficient. This proposition seems to be settled by statute. In 2 R. S. p. 339, § 1, clause 2, it is provided that, "Words importing a joint authority to three or more persons, shall be construed as authority to a majority of such persons, unless otherwise declared in the law giving authority to such persons." We discover nothing in the law, under which the proceedings were had, providing for the appointment of viewers, by which it is "otherwise declared," and

we are, therefore, of opinion that the report of the majority was sufficient.

The fourth and last error assigned is substantially the same as the third, and what we have said in relation to the third, disposes of it.

We see no error in the record sufficient to reverse the judgment.

*Per Curiam.*—The judgment is affirmed with costs.

*N.* and *G. Trusler, J. S. Reid,* and *S. Heron,* for the appellants.

*B. F. Claypool,* for the appellees.

