Beynon *v.* The Brandywine, Boggstown, and Sugar Creek Turnpike Company.

————————⬦————————

BEYNON *v.* THE BRANDYWINE, BOGGSTOWN, AND SUGAR CREEK TURNPIKE COMPANY.

JUSTICE OF THE PEACE.—*Appeal.*—In proceedings commenced before a justice of the peace, to condemn lands for the right of way of a turnpike, though the record does not show which party appealed ·to the circuit court, or that any appeal was taken, yet, if a transcript of the proceedings before the justice, and the papers in the case were filed in the circuit court, and the parties appeared therein and proceeded as if an appeal had been taken, the cause may be regarded as having been regularly appealed, or any error in that respect may be considered waived.

PRACTICE.—*Turnpike.*—*Proceedings to Condemn Lands.*—In the absence of proof showing that the line of a road, for which lands are sought to be condemned, is a departure from the line contemplated by the articles of association of the turnpike company that instituted the proceedings, it is not error to overrule a motion to dismiss the proceedings on the grounds of such departure.
  *Query*, whether such objection can be taken by motion.

SAME.—Where the complaint by a turnpike company, to condemn lands for her road, states that the road has been located, the question of location cannot be tried on a motion to dismiss because the road has not been located.

SAME.—*Viewers.*—Under the statute (1 G. & H. 475, sec. 7), in a proceeding before a justice to condemn lands for the use of a road, as well as on appeal, three viewers are to be appointed, who are to be sworn as jurors to assess the damages.

SAME.—Where three viewers were in such a case appointed by the justice, without any objection from the owner of the land sought to be condemned, and on appeal to the circuit court, three other viewers were appointed, the owner only making a general objection to the appointment of viewers, and not claiming a jury of twelve;

*Held*, that the right of trial by a jury of twelve was waived, even if the owner otherwise had that right; and that after the coming in of a report by viewers appointed by the court on appeal, it was too late to demand a jury.

Beynon *v.* The Brandywine, Boggstown, and Sugar Creek Turnpike Company.

SAME.—*Report of Viewers.*—A report made by a majority of the viewers appointed to assess damages for lands sought to be condemned is sufficient.

SAME.—*Motion to Set Aside Report of Viewers.*—A motion to set aside a report of viewers in such case, on the grounds that they have deducted supposed benefits and failed to consider important injuries, where no proof is offered in support thereof, is rightly overruled.

COSTS.—*Supreme Court.*—Where no question is made in the court below in reference to costs, it cannot be successfully raised for the first time in the Supreme Court.

APPEAL from the Shelby Circuit Court.

WORDEN, J.—This was a proceeding by the appellee against the appellant to condemn certain lands of the appellant for the right of way for the appellee's turnpike road. The proceedings were instituted before a justice of the peace, before whom three viewers were appointed to assess the appellant's damages, who made their return, and the justice rendered judgment accordingly. The clerk of the court below states that the cause was appealed to the circuit court, but the record does not show which party appealed, nor, indeed, that any appeal was taken. A transcript, however, of the proceedings before the justice was filed in the circuit court, together with the papers in the cause, and the parties appeared in the circuit court and proceeded in the cause as if an appeal had been regularly taken. We think the cause may be regarded as having been regularly appealed, or that any irregularity in that respect was waived.

The complaint alleges, amongst other things, that the appellee is a corporation organized under the act of May 12th, 1852, authorizing the construction of plank, etc., roads, and the amendments thereto, "for the purpose of constructing, owning, and maintaining a certain gravel turnpike road, commencing at Brandywine creek where the Bluff Road crosses said creek, and to run on and along what is called and known as the Bluff Road, by way of Boggstown, to the Red Mills, on Sugar creek, in the county of Shelby, or as near thereto as may be deemed most advisable." * * * "That said road is located and runs on and over the portions hereinafter described of the following described tract of land owned by

said Thomas Beynon, situate in Shelby county, Indiana, to wit: The south half of the west half of the south-east quarter of section No. twenty-eight (28), township thirteen (13), north of range six (6) east; and on and over the following described portions of the tract of land above described, to wit: a piece of land ten (10) feet in width along the north line of the county road, running east and west, on the line between the southern boundary of said tract and the tract of land adjoining the same on the south side thereof, extending from the south-east corner of said tract of land west to the part of the bluff on the west side of Brandywine creek, a distance of eighty (80) rods, more or less; said public county road now located thereon being thirty (30) feet in width, half thereof, to wit, fifteen (15) feet in width for the distance above named being located on the tract of land above described, along and adjoining the south boundary thereof. And also on a piece of land fifty (50) feet in width, extending from the point last above named, to wit, from the foot of said bluff on the west side of said Brandywine creek, northward along the foot of said bluff through said tract of land, and adjoining the said bluff to the northern boundary of said tract of land."

In the circuit court, the appellant moved to dismiss and set aside the proceedings, for the following reasons, as stated in the abstract of counsel for appellant, viz.: "first, that the route over which the appellee sought to condemn appellant's land was not on the line or route of the road as described in the appellee's articles of association, but more than thirty rods therefrom; second, that when the proceedings were commenced, the appellee had not made any location of the line or route other than that described in the articles of association; no change of location had been made; third, that at the commencement of this proceeding the company had not located its line of road; fourth, that the route through appellant's land is not the route fixed in the articles of association, and that it does not appear that a change of location was necessary because of hills or other obstacles, and that

only three persons were called to assess damages, whilst the law required twelve."

This motion was overruled, and the appellant excepted. On motion of the appellee the court appointed three viewers to assess the appellant's damages, to wit, Lewis Ricketts, Thomas H. Fleming, and Lewis Fessenbeck. To this the appellant objected, but he does not seem to have pointed out any ground of objection, nor did he then claim a jury of twelve men instead of three. Overruled and exception.

The three viewers proceeded to an examination of the premises, and two of them made the following report, viz.:

"The undersigned, Thomas H. Fleming and Lewis Ricketts, two of the viewers appointed by the Shelby Circuit Court at the present term thereof, to assess the damages to the lands described in the complaint in this proceeding, sustained by the said Thomas Beynon, in consequence of the construction of the said road through his lands, did, on the 6th inst., proceed to view the said tract of land, and after having taken into consideration the disadvantages the construction of said road will be to the same, do find and assess his damages at the sum of two hundred dollars."

Lewis Fessenbeck made a similar report, but assessing appellant's damages at six hundred dollars.

The appellant moved to reject the report for the reasons, as shown by the abstract, "first, that the viewers did not agree; second, that two viewers found one sum and one other viewer another sum; third, that the two viewers who found but two hundred dollars deducted supposed benefits to appellant from his damages; fourth, that the two viewers who found two hundred dollars failed to take into consideration important injuries to appellant, such as making and maintaining lines of fences."

For these reasons the appellant asked that the report be set aside, and that he be allowed a trial by jury. Overruled and exception.

The appellant moved for a new trial, and filed reasons therefor, which are unnecessary to be stated in detail, as we

are unable to see that any question arises upon them, no evidence being in the record, and no error of law being alleged to have occurred on the trial. Judgment was rendered in accordance with the report of the two viewers.

The errors assigned are as follows: first, the court erred in overruling the appellant's motion to dismiss the proceedings; second, the court erred in appointing reviewers to assess the damages; third, the court erred in overruling appellant's motion to set aside the appointment of reviewers and their report; fourth, the court erred in overruling appellant's motion for a new trial; fifth, the court erred in confirming report of reviewers; sixth, the court erred in its order appropriating the appellant's property to the use of the appellee; seventh, the court erred in rendering judgment against appellant for costs in circuit court; eighth, the court erred in refusing the appellant a jury trial; ninth, the court erred in rendering judgment as set out in the record.

Some of the members of the court have doubts whether an appeal lies to this court in such cases, notwithstanding the case of *Piper* v. *The Connersville, etc., Turnpike Co.*, 12 Ind. 400. But as this question is not made by counsel in the cause, and as the judgment must be affirmed, whereby substantially the same result will be reached as if the appeal were to be dismissed as not lying to this court, we have concluded not to pass upon that question.

We find no error in the record.

The first assignment of error brings in question the ruling of the court below in overruling the motion to dismiss the proceedings. The first and fourth grounds of the motion go upon the assumption that the line of the road, as sought to be established through the appellant's land was a departure from the line contemplated by the appellee's articles of association. The articles of association were not, nor need they have been, made a part of the record; nor were they offered in evidence; nor was any evidence offered in support of the motion.

Comparing the line of the contemplated road as described

Beynon *v.* The Brandywine, Boggstown, and Sugar Creek Turnpike Company.

in the complaint, and the line running through the appellant's land, we cannot say that the latter is a substantial departure from the former. There being no proof before the court of such departure, it was not error to overrule the motion on that point, even if the objection could be taken on motion. The point made in the fourth ground of the motion, that three only, instead of twelve persons, were called, in the proceedings before the justice, to assess the appellant's damages, will be noticed hereafter. The second and third grounds of the motion controvert the fact that the line of the road had been located. It was averred in the complaint that it had been located, and we do not think the question could be tried on motion. We pass to the second assignment of error, viz., that the court erred in appointing reviewers to assess the damages. This was done in accordance with the provisions of the statute on the subject. 1 G. & H. 475, sec. 7. In proceedings before justices to condemn lands in such cases, as well as on appeal, three persons are to be appointed as viewers, who are to be sworn as jurors, to assess the damages of the party whose property is to be appropriated. Conceding that the party whose land is to be appropriated is entitled to have the damages assessed by a jury of twelve men, still it is a right which he may waive.

See the case in 12 Ind., *supra.* It is a principle of our law, as a matter of practice, that a failure to assert a right at the proper time is a waiver of the right. In this case, the viewers were appointed by the justice without objection from the appellant, he having been duly summoned. In the circuit court the appellant objected to the appointment of viewers, but pointed out no objection, nor did he then claim a jury of twelve. This objection had no more force than if no objection had been made. If the appellant had desired to have had the cause tried by a jury of twelve men, instead of three, he should have said so, and in that case the court could have acted understandingly in the matter. We are clearly of the opinion that the course pursued by the appellant was a waiver of the right of trial by a jury of twelve,

if he otherwise had that right. There was no error in the appointment of three viewers by the court, under the circumstances.

The third assignment of error relates to the overruling of the motion to set aside the report of the viewers. The first and second objections to the report are based upon the fact that the viewers were not harmonious in their views of the damages; but the report of the majority was sufficient, and the court rightly acted upon it. *Piper* v. *The Connersville, etc., Turnpike Company, supra.* The third and fourth objections to the report assume that the two viewers deducted supposed benefits, and failed to take into consideration important injuries; there was, however, no proof offered of these facts, and in the absence of such proof the court rightly overruled the objection. The matters alleged were not to be taken as true simply because they were stated as grounds of the motion. It may be here added that upon the coming in of the report of the viewers, appointed as before stated, it was too late for the appellant to demand a trial by a jury of twelve.

The fourth assignment of error raises no question not otherwise considered.

In relation to the fifth and sixth assignments, we may observe that we see no error either in confirming the report of the viewers or making the proper order appropriating the appellant's property.

The seventh assignment of error relates to costs in the court below. No question was made in the court below in this respect, and it cannot be successfully raised for the first time in this court.

What we have already said sufficiently disposes of the eighth and ninth assignments of error.

The judgment below is affirmed, with costs.

*O. J. Glessner, T. A. Hendricks, O. B. Hord,* and *A. W. Hendricks,* for appellant.

*E. H. Davis, C. Wright, B. F. Davis,* and *B. F. Love,* for appellee.