Filed Nov. 24, 1883.

———————◆———————

No. 10,139.

ANDERSON v. CALDWELL.

DRAINAGE.—*Constitutional Law.—Trial.—Jury.*—Section 4276, R. S. 1881, which provides that questions of fact in proceedings for drainage shall be tried by the court without a jury, is constitutional.

From the Boone Circuit Court.

*J. W. Clements* and *W. H. Thompson,* for appellant.

HAMMOND, J.—This was a proceeding, on the petition of the appellee, for the construction of a ditch, under "An act concerning drainage," approved April 8th, 1881, section 4273, R. S. 1881, *et seq.* The commissioners of drainage reported in favor of the work, and, also, reported their assessments of benefits and damages to lands affected by it. As to the land

of the appellant, they reported that it would neither be benefited nor damaged. To this he filed his remonstrance, raising issues of fact, and demanded that such issues should be tried by a jury. His demand was refused, and the case was tried by the court, resulting in a finding and judgment of approval and confirmation of the report of the commissioners. The appellant, by his exception, motion for a new trial and assignment of error, has properly presented in this court the question whether he was entitled to a jury trial.

Section 4 (4276, R. S. 1881) of the drainage act under consideration provides that "questions of fact shall be tried by the court, without a jury." This, it is claimed by the appellant, is in conflict with section 20, article 1, of the State Constitution, which provides that " In all civil cases, the right of trial by jury shall remain inviolate."

The rule of construction is well settled that an enactment of the Legislature is not to be struck down by the courts for unconstitutionality, unless it is clearly in conflict with the fundamental law. *Brown* v. *Buzan*, 24 Ind. 194; *Lafayette, etc., R. R. Co.* v. *Geiger*, 34 Ind. 185; *Groesch* v. *State*, 42 Ind. 547; Buskirk Prac. 352.

By section 1 of the code of 1852, and section 249 of R. S. 1881, every action " for the enforcement or protection of private rights and the redress of private wrongs " is " denominated a civil action." The words " civil actions," prior to the adoption of our present Constitution, were not so comprehensive in their meaning. They included only what were known as common-law actions. Section 20 of article 1 of the Constitution was adopted with reference to actions that by the common law were triable by jury. As to such actions the right of trial by jury was to remain inviolate. It was competent for the Legislature, as it did by the code of 1852, to extend the right of trial by jury to cases that previously had not been recognized as civil actions, but it could not, without infringing on the Constitution, abridge such right as to cases

triable by jury at common law. The Constitution simply guarantees the continuance of the common-law right of trial by jury. In other cases the Legislature may extend or limit this right, without violating the Constitution.

In *Lake Erie, etc., R. R. Co.* v. *Heath,* 9 Ind. 558, in speaking of the constitutional provision respecting jury trials in civil cases, this court says: "The above provision in our Constitution, applies in terms but to civil cases. What, then, within its meaning, is a civil case? Not every case which is not a criminal, is a civil one. 'Civil case' had a definition, a meaning, at common law, when the early Constitutions of this country were formed; and it has been held that the term was used in those Constitutions in the common-law sense."

Again, in *Allen* v. *Anderson,* 57 Ind. 388, it is said: "This provision" (section 20, article 1) "of the Constitution was adopted in reference to the common-law right of trial by jury, as the language plainly imports, namely, that the right 'shall *remain* inviolate,' that is, *continue* as it was. The words 'in all civil actions' mean, in all civil actions at the common law—as debt, covenant, assumpsit, trover, replevin, trespass, action on the case, etc."

Section 16 of the act of 1859, relating to supervisors, 1 R. S. 1876, p. 858, authorized the supervisor to enter upon any land adjoining or near any highway, and thereupon to construct ditches, etc., to remove gravel, etc., or to cut down and remove any wood or tree necessary for the construction or repair of a highway. The person aggrieved could petition the township trustee for an assessment of damages; the trustee thereupon appointed three disinterested persons to make the assessment of damages, which were paid out of the township fund. No appeal was provided for, nor any method of trial by jury; and yet the party injured had no remedy but that provided in the statute; he could not bring suit against the supervisor. It was held that this statute did not conflict with the Constitution. *Dronberger* v. *Reed,* 11 Ind. 420.

In the case of *Evansville, etc., R. R. Co.* v. *Miller*, 30 Ind. 209, which was an appeal to the circuit court from an assessment for damages sustained by the owner of land taken for the railroad, it was held that a jury trial was not allowable as a matter of right.

The question in the present case is whether the proceeding under the drainage act of 1881, for assessing benefits and damages to lands affected by the ditch, is a civil action, as that term was understood in this State prior to the adoption of our present Constitution. We are inclined to the opinion that this proceeding is not a " civil action," within the meaning of the Constitution. We think it is a special statutory proceeding, in which it is competent for the Legislature to dispense with a jury. *Hays* v. *Tippy, ante,* p. 102. At all events, we can not say with certainty that the statute under consideration, requiring the trial to be by the court without a jury, is clearly in conflict with the constitution. In such case, it is our duty to declare in favor of the constitutionality of the law, leaving the hardship, if any, to be corrected by the Legislature.

We find no error in the record.

The judgment of the court below is affirmed, at the costs of the appellant.

Filed Nov. 24, 1883.

ELLIOTT, J.—The gravity and importance of the questions involved in this case will, it is thought, be deemed a sufficient excuse for adding to what has been said by my brother HAMMOND.

The right which the Constitution declares shall remain inviolate is the right to trial by jury as it existed when that instrument was adopted. The right so carefully guarded and preserved is the one transmitted to us from our British ancestors. The right meant by our Constitution is the great one which has occupied such a prominent place both in law and in history. We are therefore to look to the common law

to ascertain what this right was, and not to particular statutes which may be changed at the pleasure of the Legislature. The Legislature neither created nor preserved this right, although they have often declared it. It exists without legislation.

The British Constitution does not limit the power of Parliament in the exercise of the right of eminent domain, and that body has power to direct the seizure of private property for public use without compensation. It is true that the British statutes have, in almost every instance, required compensation, but the right to compensation was a purely statutory one, and enforceable only under the provisions of the statute. Our own cases, and, indeed, the American cases generally, treat the proceedings as special statutory ones, and in this they are clearly right, for, at common law, the proceedings were of purely statutory origin, and they are none the less so under our Constitution. The Legislature is not invested by the Constitution with a new right, that of eminent domain, for that is an inherent right of sovereignty. On the contrary, the right is restricted, not enlarged, by the Constitution. If it were not for the constitutional limitation property might be seized without paying its owner any compensation. The right to compensation, therefore, did not exist before the Constitution, and is a right to be exercised by the Legislature in the enactment of statutes providing the mode of proceedure. In short, the mode of proceeding is within legislative control, limited only by the provisions of the Constitution.

In *Pennsylvania R. R. Co.* v. *Lutheran Congregation,* 53 Pa. St. 445, the question came before the court in proceedings instituted by the railroad company to condemn lands for a right of way, and the court held that the mode of proceeding was entirely within the control of the Legislature, and said : " Indeed the right of trial by jury has never been held to belong to the citizen himself in proceedings by the State under her

powers of eminent domain: *McKinney* v. *Monongahela Nav. Co.*, 2 Harris, 65." The question received careful examination *In Re Lower Chatham*, 35 N. J. L. 497, and the court, in speaking of the point made that the act violated the Constitution, said: " The answer to that is, that an appeal to a jury is not a matter of right. The provision in our Constitution, (Art. I, § 7,) that the right of trial by jury shall remain inviolate, does not interfere with such modes of ascertaining damages for lands taken by eminent domain, as the Legislature could provide before its adoption." In the recent case of *Kendall* v. *Post*, 8 Oregon, 141, it was said of the constitutional provision we are discussing, that " This constitutional provision does not apply to cases of taking private property for public uses, but to actions in courts of justice." To this effect runs the great current of judicial opinion. *Livingston* v. *Mayor, etc.*, 8 Wend. 85; *Beekman* v. *Saratoga, etc., R. R. Co.*, 3 Paige, 45; *Heyneman* v. *Blake*, 19 Cal. 579; *Buffalo, etc., R. R. Co.* v. *Ferris*, 26 Texas, 588; *City of Des Moines* v. *Layman*, 21 Iowa, 153; *Backus* v. *Lebanon*, 11 N. H. 19; *Rich* v. *City of Chicago*, 59 Ill. 286; *Ames* v. *Lake Superior, etc., R. R. Co.*, 21 Minn. 241.

The question here is not controlled by long continued practice as in the cases of *Lake Erie, etc., R. R. Co.* v. *Heath*, 9 Ind. 558; *Piper* v. *Connersville, etc., T. P. Co.*, 12 Ind. 400; *Coyner* v. *Boyd*, 55 Ind. 166; *Norristown, etc., T. P. Co.* v. *Burket*, 26 Ind. 53, and similar cases. Here the question is as to the power of the Legislature to adopt an express statute directing a trial by the court.

Matters of practice may always be changed and regulated by the Legislature, and long continued practice can not limit or restrict legislative authority.

Filed Nov. 24, 1883.