No. 10,362.

## THE INDIANAPOLIS AND CUMBERLAND GRAVEL ROAD COMPANY *v.* CHRISTIAN.

PRACTICE.—*Bill of Exceptions.—Affidavits.*—A ruling made during the course of the trial can be made to appear upon the record by bill of exceptions stating the fact; affidavits showing it are wholly out of place, and can not be regarded by the Supreme Court.

DRAINAGE.—*Trial.—Constitutional Law.*—The act of April 8th, 1881, R. S. 1881, section 4276, requiring questions of fact arising in proceedings for drainage to be tried by the court without a jury, is constitutional.

SAME.—*Petition.—Report of Commissioners.*—The petition for drainage and the report of the commissioners, if, in all essential matters, according to the forms prescribed by section 4284, R. S. 1881, are sufficient.

From the Marion Circuit Court.

*G. G. Hendrickson* and *H. M. Talbott*, for appellant.

*B. Harrison, C. C. Hines* and *W. H. H. Miller*, for appellee.

ZOLLARS, J.—Appellee filed her petition in the court below, under section 4274, R. S. 1881, asking for the construction of a ditch, under the chapter of the statute of which that section is a part. After the filing of a report by the commissioners of drainage, appellant filed a remonstrance thereto. Such proceedings were thereafter had by the court that an assessment of $300 was confirmed against appellant, and over a motion for a new trial, the ditch was ordered constructed. Appellant's counsel, in their brief, urge five grounds for the reversal of the judgment. We shall examine them in the order discussed.

It is claimed that in the issues made by the filing of the remonstrance, the burden of proof was upon appellee, and that, hence, the trial court erred in overruling appellant's motion for judgment.

We think counsel for appellee are correct in their contention that the question is not saved in the record. The record shows that on the 1st day of June, 1882, appellant filed a written motion for "judgment against the said petitioner

herein, because said petitioner has offered no evidence herein."
This motion was overruled. On the 3d day of June the cause
was submitted to the court for trial. It is thus made appar-
ent that the motion preceded the day of trial by two days.
It would hardly be expected that the petitioner would offer
evidence before the day of trial, or that the court would sus-
tain the motion at the time made. But appellant's case would
be no better if we regard the motion as having been made at
the beginning of the trial, or during the trial. So regarded,
there is nothing in the record to show that, when the motion
was made, appellee had not introduced ample evidence.

One of the causes for a new trial was " That by the action
of the court in compelling the remonstrator to assume the
burden of proof, this remonstrator was surprised and greatly
damaged in the trial herein, and that ordinary prudence and
foresight could not have guarded against such surprise."

An affidavit accompanies this cause, in which it is stated
that the reason assigned therein is true. This is the only evi-
dence furnished by the record that appellant was compelled
to assume the burden of proof, and this is no evidence at all.

The motion states only incidentally that the burden was thus
imposed, and the affidavit goes no further. But however
positive the statements therein might have been, we could not
act upon them. The evidence is not in the record, and hence
we can not look to it for the order of its introduction. For
aught that we can know, the court may have overruled the
motions for judgment and for a new trial, because neither
they nor the affidavit, so far as they state anything, state the
truth. Whether the matter stated in the motions are true, or
actually occurred, must be stated in the bill of exceptions over
the signature of the judge who presided at the trial and passed
upon the motions, and is cognizant of all that transpired dur-
ing the progress of the cause ; otherwise we can not know of
the truth or falsity of such matters.   *Choen* v. *State*, 85 Ind.
209 ; *Powers* v. *State*, 87 Ind. 144.

This rule of practice is neither unreasonable nor difficult.

Appellants come into this court asserting error in the proceedings below. It is the duty of this court, from which it does not shrink in any case, to examine and pass upon such errors, but it is not its duty to convict the trial courts of error and overthrow their judgments, unless the truth of the matters complained of is established by the record.

Appellant's counsel have argued with much earnestness and ability the question of the right to a trial by a jury in cases of this character. Since this appeal was taken that question has been decided, the holding being that the trial is to be by the court, without a jury. *Anderson* v. *Caldwell*, 91 Ind. 451.

There was no error in overruling the motion to strike out that portion of the report of the commissioners in which benefits were assessed against appellant. Upon the filing of the remonstrance the question of such benefits became a question to be determined by the court upon the trial. We concede that the turnpike is private property, as contended by appellant's counsel; there is nothing in the record to show the contrary. Being such private property, like other private property, it was subject to assessment.

In all essentials the petition is in the language of the form prescribed by section 4284, and both the petition and report adopt the language of the statute substantially. They were, therefore, sufficient to give the court jurisdiction, and the court was not in error in overruling the motion to dismiss the case. We think that when the petition and report are as specific as the statute and the prescribed form, they are sufficient without further specific statements as to how the public health will be improved by the ditch, or in what manner it will be of public utility.

We find no error in the record. The judgment is affirmed, with costs.

Filed Jan. 30, 1884.