No. 11,091.

## Ross et al. *v.* Davis et al.

Supreme Court.—*Motion.—Assignment of Error.—Bill of Exceptions.*—Unless the grounds of the motion mentioned in a specification under an assignment of errors appear in the bill of exceptions, no question can be made in the Supreme Court upon the ruling on the motion.

Drainage.—*Highway.— Utility.—Expense.*—Although proceedings for the construction of a drain under secs. 4273, *et seq.*, R. S. 1881, can be commenced only by an owner of land which will be benefited, this will not render the work one of private benefit only, because the granting of the petition must rest upon the ascertainment of the fact, that by the drain the public health will be improved, or one or more highways of the county or streets of a town or city will be benefited, or that the work is of public utility, and provision is also made that when the drain is completed it shall be maintained at the public expense.

Same.—*Public Use.—Equality of Benefits.*—It is not necessary in order to constitute a public use, that the whole community or any large portion thereof should participate in the use, or that all should be equally benefited.

Same.—*Constitutional Power.—Payment of Costs and Damages.—Compensation for Property.*—It is within the constitutional power of the Legislature to provide for the payment of the costs of the construction of the drain and for the damages resulting, by means of the assessment of benefits accruing to the owners, and compensation for property appropriated may be made in such benefits, or out of money realized by assessment of benefits resulting to the owners.

Same.—*Costs.—Damages.—Expenses.—Benefits.*—Under the statute, the costs, damages and expenses of the drainage must be less than the benefits to the owners of lands likely to be injured.

Same.—*Assessment.—Commissioners.—Contest.*—The assessment made by the commissioners may be contested.

Same.—*Taking of Property.—Payment of Damages.—Constitutional Law.*—Query, whether the statute contemplates the payment of damages before the taking of property, or whether the taking of property under the statute is a taking by the State within the constitutional provision that "No man's property shall be taken by law without just compensation; nor, except in case of the State, without such compensation first assessed and tendered."

Same.—*Title of Act.—Drainage Commissioners.*—The title, "An act concerning drainage," properly embraces legislation authorizing a board of drainage commissioners.

Same.—*Assignment of Errors.*—That the report of the drainage commissioners is not according to law is not a sufficient assignment of error.

SAME.—*Trial by Jury.*—*Constitutional Provision.*—The statutory provision, that questions of fact shall be tried by the court, does not conflict with the constitutional requirement, that "In all civil cases, the right of trial by jury shall remain inviolate."

From the Harrison Circuit Court.

*B. P. Douglass, S. M. Stockslager* and *W. C. Green,* for appellants.

*W. N. Tracewell* and *R. J. Tracewell,* for appellees.

BLACK, C.—On the 1st of November, 1881, the appellees filed their petition for the construction of a ditch, pursuant to the act of April 8th, 1881, Acts 1881, p. 397; R. S. 1881, section 4273, *et seq.* At the next term of the court the appellant Ross appeared and moved to dismiss the petition. The motion was overruled. The petitioners having made proof by affidavit that notice of the intention to present the petition had been posted, as provided by the statute, the court heard the matter and referred it to the commissioners of drainage, who, at the next term, made their report, favorable to the construction of the ditch. The appellant Ross moved to set aside the submission of the matter to the commissioners. The motion was overruled. Thereupon said Ross filed his remonstrance. The court sustained the remonstrance as to the second and eighth statutory causes of remonstrance stated therein, and ordered that the commissioners correct and amend their report as to the description of the commencement and route of the proposed ditch, and that they review the matter and make a new report upon the question as to whether the work decided upon was or was not sufficient to properly drain the lands to be affected. At the same term the commissioners filed their amended report.

At the next term Arthur J. Cunningham and Charles Eberinz, the appellants other than said Ross, filed their joint remonstrance. The appellant Ross also filed his remonstrance to the amended report.

The appellants jointly, and the appellant Ross separately, moved that a jury be called to try the questions of fact raised

by the remonstrances. The motions were overruled, and the court tried the cause and found for the petitioners, that the material allegations of the petition were true, and found against the remonstrants on all the grounds assigned by them, except as to the fourth statutory cause of remonstrance as assigned by the appellant Cunningham, as to which cause the court found in his favor, that the assessment of benefits ought to be modified and equalized so as to show that his lands would not be benefited, and that the assessment against his lands should be taken off and the amount thereof should be placed on the lands of other persons named, as described in the petition, a certain portion on the lands of one person and the remainder on the lands of another. And the court found that the ditch would be of public utility, and that it would be practicable to accomplish the proposed drainage mentioned in the report of the commissioners at an expense less than the aggregate benefits to the lands which it would drain, and that the ditch set out and described in the amended report of the commissioners, describing it, ought to be established, and that the assessments made by the commissioners, except as so modified by the court, ought to be approved, setting out the same as so modified.

The appellants jointly moved for a *venire de novo*, and this motion having been overruled, the appellants jointly, and the appellant Ross separately, made motions for a new trial, which were overruled.

The court thereupon made its order establishing the ditch, describing it as in the amended report and in the finding, modifying the assessment of benefits as in the finding indicated, and approving and confirming the assessments as thus modified. And the court directed one of the commissioners named to construct the ditch in accordance with the provisions of said statute.

The appellants jointly have assigned as errors:

Vol. 97.—6

" 1. That the court below did not have jurisdiction of the subject of the action.

" 2. That the petition does not state facts sufficient to constitute a cause of action.

" 3. That the petition does not state facts sufficient to entitle the appellees to any relief.

" 4. That the petition is not according to law.

" 5. That the original report of the commissioners of drainage is not according to law.

" 6. That the amended report of the commissioners of drainage is not according to law.

" 7. That the court below erred in overruling the motion for a *venire de novo.*

" 8. That the court below erred in overruling the motion for a new trial."

The appellant Ross has made a separate assignment, containing the same specifications as those contained in the joint assignment, numbered somewhat differently, and two additional specifications numbered 4 and 5, as follows :

" 4. That the court below erred in overruling said appellant's motion to dismiss the petition.

" 5. That the court below erred in overruling said appellant's motion to set aside the submission of this matter to the commissioners of drainage."

These additional specifications in the separate assignment of the appellant Ross may be disposed of by saying that the grounds of the motions mentioned in them are not shown by bill of exceptions, and that, therefore, no question is before us concerning the rulings upon those motions. The other specifications in the separate assignment of the appellant Ross need no discussion apart from the corresponding specifications in the joint assignment.

The only question argued under the first four of these specifications is that of the constitutionality of the statute under which the proceeding was had ; and without any inquiry as

to the sufficiency of the specifications, we will examine briefly the objections made under them.

It is insisted that the provisions for the construction of drains made in the statute are intended for private benefit only. Although the proceedings for the construction of a drain under the statute, such as the appellees instituted, can be commenced only by an owner or owners of lands which will be benefited by drainage, yet this objection of the appellants is sufficiently answered by referring to the provision of the statute, that the petition of such owner or owners shall state that in the opinion of the petitioner or petitioners the public health will be improved, or one or more public highways of the county or streets of a town or city will be benefited by the proposed drainage, or the proposed work will be of public utility; and the requirement that the commissioners of drainage shall consider whether, when accomplished, the drainage will improve the public health or benefit any public highway in the county, or street of a town or city, or be of public utility; and the provision that any owner of lands affected may remonstrate on the ground that the proposed work will neither improve the public health, nor benefit any public highway of the county, nor be of public utility, and that if the finding of the court be in support of the remonstrance, on this cause of remonstrance, the proceedings shall be dismissed at the costs of the petitioner; also, the provision for the keeping of such drains, after their construction, in proper repair and free from obstructions, by the public, through the township trustee, at public expense. *Ingerman* v. *Noblesville Tp.*, 90 Ind. 393.

It is not necessary, in order that the use may be regarded as public, that the whole community or any large portion of it may participate in it. If the drain be of public benefit, the fact that some individuals may be specially benefited above others affected by it will not deprive it of its public character.

But it is contended that the statute provides for the taking

of private property, not by the State, without just compensation first assessed and tendered.

We have no doubt that it is within the power of the Legislature to make provision for the construction of such drains, so that the costs, damages and expenses of effecting the drainage will be provided for by means of the assessment of benfits to the owners of the lands to be benefited; that just compensation for property appropriated for the making of such a drain may be made in such benefits, or if there be no benefits to a particular owner of property taken, or if the benefits to such a person be not sufficient to make just compensation thereby to him, provision may be made for payment to him in money obtained by the assessment of benefits to other property beneficially affected.

It is by this statute made necessary to the establishment of a ditch thereunder, that the commissioners of drainage shall find that the costs, damages and expenses of effecting the drainage will be less than the benefits to the owners of the lands likely to be benefited by the proposed drainage; and it is made a cause for remonstrance, that it is not practicable to accomplish the proposed drainage without an expense exceeding the aggregate benefit; and it is provided that if the finding of the court be in support of the remonstrance on this cause of remonstrance, the proceedings shall be dismissed. It is also provided that the commissioners shall estimate the costs, and assess the benefits or injury to each separate tract of land to be affected; and, under a remonstrance, the assessment made by the commissioners may be contested. It is further provided that the commissioner charged with the execution of the work shall pay the costs not otherwise adjudged, and expenses incident to establishing the work, and the damages assessed and the cost of construction, and shall assess, from time to time, upon the lands benefited ratably upon the amount of benefits as adjudged by the court, such sums of money as may be necessary therefor, not exceeding the whole benefits adjudged upon any one tract, and that he may require

them to be paid in instalments, not exceeding twenty per cent. per month, at such times as he shall fix after thirty days' notice thereof. Whether the statute contemplates the payment of damages before the taking of property, or whether the taking of property under the statute is a taking not by the State, within the meaning of the constitutional provision that "No man's property shall be taken by law without just compensation; nor, except in case of the State, without such compensation first assessed and tendered," we need not decide. No damages in excess of benefits were assessed to any of the appellants, and they have no interest in the question whether provision should be made for prepayment of damages to others.

It is further contended that in this statute there is a failure to comply with section 19 of article 4 of the Constitution, which requires that "Every act shall embrace but one subject and matters properly connected therewith; which subject shall be expressed in the title. But if any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be expressed in the title."

The title of the act in question is "An act concerning drainage." The grounds of objection urged by the appellants are, that the statute provides for drainage over the lands of some persons for what the appellants claim to be the private benefit of other persons, and that it provides for the appointment of a board of drainage commissioners.

It seems to be very plain that this objection is not well taken.

"That the report of the commissioners is not according to law," is the second statutory cause of remonstrance in the circuit court, but it is· not a proper assignment of error on appeal to this court.

The motion for a *venire de novo* is not mentioned in the briefs of counsel.

If a motion for a new trial be permissible in such a case, as to which see *Dukes* v. *Working*, 93 Ind. 501, we could not reverse the judgment upon the grounds of the motions in

this case which have been mentioned in argument, which were that the court erred in overruling the motions for a trial by jury, and that the finding was not sustained by sufficient evidence.

The statute provides for the trial of the questions of fact by the court without a jury. That this provision is not in conflict with the constitutional requirement that " In all civil cases, the right of trial by jury shall remain inviolate," has been settled: *Anderson* v. *Caldwell*, 91 Ind. 451 (46 Am. R. 613); *Indianapolis, etc., Co.* v. *Christian*, 93 Ind. 360.

The appellants, in their discussion of the evidence, have not pointed out any sufficient reason for disturbing the result reached. The judgment should be affirmed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be affirmed, at the costs of the appellants.

Filed May 16, 1884. Petition for a rehearing overruled Sept. 25, 1884.