Laverty v. The State, ex rel. Hill, Drainage Commissioner.

Filed Jan. 8, 1887.

No. 12,596.

## LAVERTY v. THE STATE, EX REL. HILL, DRAINAGE COMMISSIONER.

ASSIGNMENT OF ERROR.—*Sufficiency of Complaint.*—An assignment of error, that "the complaint does not state facts sufficient to constitute a cause of action," is not available for the reversal of the judgment, unless some fact essential to the existence of the cause of action has been wholly omitted from the complaint.

DRAINAGE.—*Assessment.*—*Complaint to Enforce.*—In a suit for the collection of a drainage assessment, all that the complaint need show concerning the proceedings for the establishment of the ditch are, that some notice

was given of the filing of the petition; that the petition was filed; that the commissioners reported the benefits and damages assessed; that the report was approved by the court, and that a copy of the assessment against the defendant is made part of the complaint. *Scott* v. *Brackett,* 89 Ind. 413, distinguished.

SAME.—*Trial by Court.*—*Jury.*—Suits for the collection of drainage assessments are triable by the court and not by a jury. Section 4276, R. S. 1881, and the amendatory act of 1883, Acts 1883, p. 176; also, section 409, R. S. 1881.

SAME.—*Damages.*—*Set-Off.*—*Counter-Claim.*—Damages alleged to have been sustained by reason of the failure of the drainage commissioner to construct and complete the work as petitioned for, are not a proper subject of counter-claim or set-off by the defendant in a suit by such commissioner to enforce an assessment of benefits.

PLEADING.—*Striking Out.*—*Bill of Exceptions.*—*Practice.*—*Supreme Court.*— To present any question on appeal, upon a ruling striking out a pleading, such pleading must be brought back into the record either by a bill of exceptions or an order of the court.

From the Vermillion Circuit Court.

*S. D. Puett, H. E. Hadley* and *V. Carter,* for appellant.

*D. H. Maxwell* and *H. Daniels,* for appellee.

HOWK, J.—This suit was commenced in the Parke Circuit Court by appellee's relator, as drainage commissioner of Parke county, to collect a balance alleged to be due on certain assessments, for the construction of a ditch or drain, by enforcing the statutory lien thereof on certain real estate particularly described, in such county, owned by appellant.

After the cause was put at issue, the venue thereof, on appellant's motion, was changed to the court below. There, the issues joined were heard by the court, and a finding was made in favor of appellee's relator, in the sum of $1,718.11, that, as drainage commissioner, he had a lien under the statute on the real estate described in his complaint to secure the payment of such sum of money, and that such lien ought to be foreclosed. Over appellant's motion for a new trial, the court made and entered a decree in the relator's favor, substantially in accordance with its finding herein.

The relator's complaint is challenged by appellant only by

his assignment here, as error, that it " does not state facts sufficient to constitute a cause of action." A demurrer to the complaint, for the alleged want of sufficient facts, was overruled below, but no exception was saved to this ruling, and, of course, even if it were erroneous, this ruling would not be an available error for the reversal of the judgment. Appellant's assignment of error here, that " the complaint does not state facts sufficient to constitute a cause of action," is authorized, impliedly at least, by the provisions of section 343, R. S. 1881, to the effect, substantially, that an objection to the complaint, on that ground, shall not be deemed to have been waived by the failure of the party merely to make such objection, either by demurrer or by an answer. But it must be borne in mind that such an assignment of error questions the sufficiency of the facts alleged to constitute a cause of action, after they have been strengthened by the curative virtues of the verdict or finding thereon, and when they are aided and supported by all the presumptions indulged by this court in favor of the rulings and decisions of the trial court. When thus questioned, it must appear that material facts, essential to the existence of the cause of action attempted to be stated, have been wholly omitted from the complaint, before this court would be authorized to reverse the judgment below for any error predicated on such complaint. *Baltimore, etc., R. R. Co.* v. *Kreiger,* 90 Ind. 380 ; *Kinney* v. *Dodge,* 101 Ind. 573 ; *Smith* v. *Smith,* 106 Ind. 43.

In his complaint, appellee's relator alleged that at the ———— term, 188–, of the Parke Circuit Court, Joseph J. Daniels, Aquilla Laverty and others, after due notice given of more than twenty days, filed their petition in such court asking an order for drainage, which petition upon proper showing was granted, and the drainage commissioners were ordered to view the proposed work, and make report thereof to such court ; that such drainage commissioners made their report, which was favorable to such petitioners, and determined upon the method of drainage, and established the ter-

mini, route, location and character of the proposed ditch, and the assessments for benefits and injury to the several tracts of land' mentioned in such petition, which report was approved and confirmed by such court, and a copy of such report was filed with and made a part of such complaint; and that thereupon the work prayed for was ordered by such court, and appellee's relator was, by such court, ordered and directed "to construct and make the proposed work."

And the relator averred that afterwards, to wit, on the — day of ———, 188–, by publication in the "Rockville Republican," a weekly newspaper published in such county of Parke, such relator gave notice to appellant of his having been assessed, in the aggregate sum of $6,903.58, on his several tracts of land mentioned in such petition, as benefits by the construction of the work prayed for and ordered; that the relator also gave appellant notice in person, that, in thirty days from the dates of the notices so given, such relator would call on appellant for twenty per cent. of such sum, and, on each successive thirty days thereafter, would call on him for a like sum, until the whole amount should have been paid, and that he would give appellant notice of the times and places of such payments, in person or by written notice ; that the relator also filed in the recorder's office of such county of Parke his notice (whereof a copy was filed with and made a part of such complaint) of the lien of said several assessments against appellant's tracts of land, situate in Parke county, and severally described as follows: (Description omitted.)

The relator further averred that he only in person gave such notices, and, in accordance therewith, called upon appellant at the stated times, after the lapse of thirty days, for the several percentage amounts, on such total assessments, as they became due after such notices respectively, until he had so called for the sum total of the original assessments; that, for the purpose of the completion of the work and to pay for the work completed, it was necessary that the balance of

such assessments should be collected; that of the aggregate original assessment of $6,903.58, appellant had paid the sum of $5,315.41, leaving a balance due of $1,588.17, as the sum necessary to make the full amount assessed; that such balance of $1,588.17 appellant had wholly failed and refused to pay, and that such sum remained due and wholly unpaid. Wherefore, etc.

In discussing the alleged insufficiency of the relator's complaint, appellant's counsel say: "There is no averment in the complaint showing that, at the time of filing the original petition, a day was fixed and noted thereon for the docketing of the same; it does not show that twenty days' notice of the filing of such petition, by posting up notices in three public places, in each township where the lands were situated, near the line of the proposed work, and one at the court-house door in the county wherein the lands are situated, had been given as the statute required. It does not show that three days' time was given, after the docketing of the petition, for remonstrance. It does not show that the court, before which the petition was pending, found that notice of intention to present the petition had been given, as provided by statute. It is not shown that the court made an order, referring such petition to the drainage commissioners, or that the court fixed a time and place for the meeting of such commissioners and a time when they should make their report. There is no allegation that the clerk delivered to such commissioners a copy of such petition and order, nor that they met at the time and place fixed by the court."

"All these facts were necessary," appellant's counsel say, "in order to confer jurisdiction on the court ordering the improvement; and, in a proceeding to enforce a lien for such improvement, the complaint must show them, so that the trial court may know whether or not such court had jurisdiction."

In support of their position, counsel cite and rely upon *Scott* v. *Brackett*, 89 Ind. 413, and it must be conceded that the opinion of the court in that case seemingly, at least, sanc-

tions and supports the views and claims of counsel. That case, however, differs from the one we are now considering in one important and controlling particular. In that case, the appellants made a direct attack upon the validity of the proceedings and judgment for the establishment of the ditch, by their petition or written motion, for causes stated therein, to vacate the proceedings and set aside the judgment. The case in hand, however, is strictly collateral to the suit or proceeding, mentioned in the relator's complaint, for the establishment of the ditch. As applied to the relator's complaint, in this collateral suit, not one of the many objections thereto, suggested by appellant's counsel, is well taken or can be sustained. If the proceedings for the establishment were in fact defective and open to objection, upon any of the grounds suggested by counsel, it devolved upon appellant to show it by full and positive averment and proof, and not by suggestions merely. This is settled by our decisions in cases, such as this, of collateral attack upon the proceedings and judgments in other causes. *Exchange Bank* v. *Ault,* 102 Ind. 322; *Baltimore, etc., R. R. Co.* v. *North,* 103 Ind. 486; *Cassady* v. *Miller,* 106 Ind. 69; *Indiana, etc., Co.* v. *Louisville, etc., R. W. Co.,* 107 Ind. 301.

In suits for the collection of drainage assessments, such as the case under consideration, all that the complaint of the plaintiff's relator need state or show, of or concerning the original proceedings and judgment for the establishment of the ditch, are (1) that some notice was given of the filing of the petition for the ditch, (2) the filing of such petition, (3) the report of the commissioners of drainage of the benefits and damages assessed, and (4) that such report was approved and confirmed by the judgment of the court, and (5) a copy of the assessment against the defendant, in all cases, must be either set out in, or filed with and made part of, such complaint. In all these particulars, the relator's complaint herein was amply sufficient in its averments to withstand a demurrer thereto for alleged want of facts, and was good beyond

all room for doubt even, when challenged as it is, for the first time, by an assignment of error here. *Helphenstine* v. *Vincennes Nat'l Bank*, 65 Ind. 582; *Moss* v. *State, ex rel.*, 101 Ind. 321; *Jackson* v. *State, etc.*, 103 Ind. 250; *McMullen* v. *State, ex rel.*, 105 Ind. 334; *Pickering* v. *State, etc.*, 106 Ind. 228.

Under the alleged error of the court, in overruling appellant's motion for a new trial, it is first insisted by his counsel that the finding of the court was not sustained by sufficient evidence. Without examining this subject in detail, we think we can safely say that there is evidence in the record, which fairly tends to sustain, and does sustain, the finding of the court on every material point, while there is an absolute dearth of evidence in conflict therewith. We can not disturb the finding or decree on the evidence. It was fairly shown by the evidence, that the relator had fully complied with the requirements of the amended section 6, of the amendatory drainage act of March 8th, 1883. Acts of 1883, p. 179. In the amended section 8, of such amendatory act, it is declared that "collections of assessments shall not be defeated by reason of any defect in the proceedings occurring prior to the judgment of the court confirming and establishing the assessment of benefits and injuries, but such judgment shall be conclusive that all prior proceedings were regular and according to law. Nor shall any person be permitted to take advantage of any error, defect, or informality, unless the person complaining thereof is directly affected thereby, at any stage of the proceedings," etc. Acts of 1883, *supra*.

In the light of these statutory provisions, there is absolutely no evidence, in the record of this cause, which tends even remotely to defeat the relator's right of recovery of the balance due of the benefits assessed against appellant's lands.

Appellant also insists, that the court below erred in denying him a trial by jury of the issues joined in this cause. This question can not be regarded as an open one, in this

court. In section 4276, R. S. 1881, being section 4 of the drainage act of April 8th, 1881, and in such section 4 as amended by the amendatory drainage act of March 8th, 1883 (Acts of 1883, p. 176), it was and is expressly provided that certain questions of fact, presented by remonstrance in the original proceedings for the establishment and construction of the ditch, " shall be tried by the court without a jury."

In *Anderson* v. *Caldwell,* 91 Ind. 451 (46 Am. R. 613), it was held by this court upon full consideration, that this statutory provision for the trial of questions of fact, in drainage proceedings, by the court without a jury, is constitutional. Upon this point, the case cited has been approved and followed in our more recent decisions. *Indianapolis, etc., G. R. Co.* v. *Christian,* 93 Ind. 360; *Ross* v. *Davis,* 97 Ind. 79; *Neff* v. *Reed,* 98 Ind. 341; *Drebert* v. *Trier,* 106 Ind. 510.

Of course, this case is not a proceeding for the establishment of a ditch, but it is ancillary thereto, and seems to us to come fairly within the spirit and reason of the statutory provision for the trial of questions of fact by the court without a jury. The speedy hearing and decision of suits for the collection of assessments of benefits from the establishment and construction of the ditch are just as essential and important as the speedy hearing and decision of any question of fact arising in the proceedings. Besides, suits for the collection of ditch assessments, and the enforcement by foreclosure of the statutory lien thereof on the lands affected thereby, are, and always have been, and in the nature of things must be, suits of equitable cognizance, and, therefore, triable by the court, and not by a jury, under the provisions of our civil code. Section 409, R. S. 1881; *Lake Erie, etc., R. W. Co.* v. *Griffin,* 92 Ind. 487; *Lake* v. *Lake,* 99 Ind. 339; *Lake Erie, etc., R. W. Co.* v. *Griffin,* 107 Ind. 464.

Appellant's counsel also complain of the decisions of the court below, in sustaining relator's demurrers to the third and fourth paragraphs of answer herein. There was no error, we think, in either of these rulings. The third paragraph

was in the nature of a counter-claim, and the fourth paragraph was an answer of set-off; and in each of these paragraphs appellant alleged that he had sustained damages by reason of the relator's failure to construct and fully complete the work " as petitioned for," and asked that his damages might be set off against any balance found due on his assessments of benefits. These damages, if sustained, were not proper subjects either of counter-claim or set-off against the relator, as commissioner of drainage, or against the lien he is seeking to enforce herein. *Indianapolis, etc., G. R. Co.* v. *State, ex rel.*, 105 Ind. 37.

Complaint is also made here, on behalf of appellant, of the ruling of the court below in striking out his so-called plea in abatement herein. After appellee's motion to strike out such plea in abatement was sustained by the court, the plea was not brought back into the record or made part thereof, either by a bill of exceptions or an order of court. Under our decisions, therefore, the ruling complained of is not so presented by the record of this cause, as that it can be considered here. *Berlin* v. *Oglesbee*, 65 Ind. 308; *Stott* v. *Smith*, 70 Ind. 298; *Dunn* v. *Tousey*, 80 Ind. 288 ; *Peck* v. *Board*, etc., 87 Ind. 221.

Some other matters are complained of here on appellant's behalf, none of which, however, would authorize a reversal of the judgment.

Upon the entire record of this cause, our conclusion is that the questions involved have been fully and fairly heard and correctly decided by the court below. In such a case, the statute requires that the judgment below, without regard to any defects of form, variances or imperfections in the record, should be in all things affirmed. Section 658, R. S. 1881.

The judgment is affirmed, with costs.

Filed Jan. 11, 1887.