No. 12,236.

## THE BALTIMORE AND OHIO AND CHICAGO RAILROAD COMPANY ET AL. *v.* KETRING ET AL.

DRAINAGE.—*Statute Relating to.—Not Applicable to Fresh-Water Lakes.*—The statutes of the State relating to drainage, apply and were only intended to apply to wet and marshy lands, swamps, ponds and the like, and do not provide a system of drainage for the fresh-water lakes of the State.

SAME.—*Railroad.—Right of Way.—Assessment of*—In the establishment of a ditch, it is expressly provided by section 1175, Elliott's Supp., that the easement or right of way of a railroad company may be assessed.

SAME.—*Proceeding to Establish a Ditch.—Special Proceeding.—Trial by Jury. —Mode of Trial.—Legislature may Prescribe.*—A proceeding to establish a ditch is a special proceeding, purely of statutory origin. In such a case the Legislature may prescribe the mode of trial, and extend or withhold the right of trial by jury at its pleasure. The constitutional provision in reference to the right of trial by jury, is only applicable to that class of common-law actions wherein the right existed when the Constitution was adopted.

SAME.—*Practice.—Motion for a New Trial.—When Necessary.*—When a motion for a new trial is required in an ordinary civil action to present a question to the Supreme Court, it is equally necessary that such a motion be filed in a proceeding to establish a ditch, for the presentation of a similar question.

From the Kosciusko Circuit Court.

*E. Hammond, L. W. Royse, J. H. Collins, H. Newbegin, W. S. Marshall, J. W. Cook, B. B. Kingsbury, W. P. Fishback* and *W. P. Kappes,* for appellants.

*J. S. Frazer* and *W. D. Frazer,* for appellees.

BERKSHIRE, J.—This is a proceeding to establish a ditch under an act of the Legislature, approved April 8th, 1881, as amended by an act approved March 8th, 1883. Elliott's Supp., section 1175. The petition was filed in the office of the clerk of the Kosciusko Circuit Court March 28th, 1883. The 14th day of May, 1883, was the day noted for docket-

ing the petition, and on that day the court, having found that the required notice had been given, ordered the petition docketed as an action pending in the Kosciusko Circuit Court. On the 18th day of May, 1883, the court, having found that no demurrer, remonstrance or other objection had been filed, ordered that the petition be referred to the drainage commissioners of said county, and designated the 28th day of the said month as the day on which they should meet, and the 18th day of the following June as the date on which to make their report to the court. At the same time, the place at which the commissioners would meet was designated, and copies of the petition and order of the court delivered to them. At the place and on the day named for the commissioners to meet, they came together and entered upon the performance of their duties; and afterwards and on the day designated for them to report, they appeared in open court and made their report. And it appearing that lands were included in the report which were not named in the petition, the court ordered that the necessary notice be given and fixed the 30th day of the said month of June as the day on which said report would be considered; and on said last-named day the petitioners made proof of the giving of said notice. On the 19th day of said month of June, Nathaniel Crow and others filed a motion that the court require the report of the commissioners to be made more specific. On the 26th day of the said month, the said Crow and William Moore, two of the appellants, filed remonstrances, and on the 27th day of said month the appellant, the B. O. & C. R. R. Co., filed its remonstrance, and on the next day following filed an additional or supplemental remonstrance. On the 30th day of said month, the Cedar Beach Association filed its remonstrance. Motions followed to strike out all and parts of each of said remonstrances.

The court sustained the motion to strike out the said supplemental or additional remonstrance of the B. O. & C. R.

R. Co. The court committed no error in this ruling, as the statute expressly provides for the assessment of the easement or right of way of a railroad company. Section 1175, *supra;* see *Indianapolis, etc., G. R. Co.* v. *Christian,* 93 Ind. 360. Parts of other remonstrances were stricken out, but as this ruling of the court presents no material question we are not called upon to consider it.

The appellants demanded a trial by jury, which the court refused and they excepted, but as they filed no motion for a new trial, the question is not in the record for our consideration. The necessity of a motion for a new trial will be considered further on.

It is not improper to suggest, however, that this is not a common-law action, but a special proceeding, purely of statutory origin.

It has frequently been ruled by this court that in all such proceedings the Legislature may prescribe the mode of trial, and extend or withhold the right of trial by jury at its pleasure; that the constitutional provision to which our attention has been called is only applicable to that class of common-law actions wherein the right of trial by jury existed when the Constitution was adopted. *Anderson* v. *Caldwell,* 91 Ind. 451; *Indianapolis, etc., G. R. Co.* v. *Christian, supra; Ross* v. *Davis,* 97 Ind. 79; *Lipes* v. *Hand,* 104 Ind. 503; *Drebert* v. *Trier,* 106 Ind. 510; *Laverty* v. *State, ex rel.,* 109 Ind. 217.

We may add that an ample remedy is furnished to all persons whose lands may be affected or appropriated in the location of a ditch.

There was nothing in the motion to require the commissioners to make their report more specific; but if otherwise, after the motion was filed the report was amended and the motion not refiled.

No motion was made for a new trial; therefore, notwithstanding the many exceptions taken on the trial, and errors assigned in this court, all questions properly presented have

been considered except such as relate to the motion in arrest of judgment.

Section 2 of the act of 1883 (Elliott's Supp., section 1176), provides that the petition shall be docketed as an action pending.

Because of this provision it must have been the intention of the Legislature that after the docketing of the petition as an action pending, it be subject to all the rules of procedure which govern in the trial of ordinary civil actions, except as specially otherwise provided. To hold otherwise would be to entirely disregard the said provision. Having reached this conclusion, the further conclusion that must follow is, that wherever a motion for a new trial is required in an ordinary civil action to present a question to this court, it is equally necessary in a proceeding like the one before us to present a similar question. But see *Neff* v. *Reed*, 98 Ind. 341; *Crume* v. *Wilson*, 104 Ind. 583; *Bass* v. *Elliott*, 105 Ind. 517; *Bohr* v. *Neuenschwander*, 120 Ind. 458.

This leads us up to the motion in arrest of judgment. In support of this motion two questions are discussed:

1. If the said statutes include within their purview and scope fresh-water lakes, then they are unconstitutional.

2. It was not the intention of the Legislature when they enacted the said statutes to provide for the drainage of the fresh-water lakes within the State.

Whenever legislative power to enact a statute which has been placed in the statute book is involved, the question is of the gravest importance, and should only be determined and decided after great care and consideration by the court, and after full and comprehensive argument by counsel.

The question has not been thus discussed by counsel—in fact there seems to be some difference of opinion among counsel for the appellants upon the question.

In view of what we have said, together with the fact that the conclusion reached by a majority of the court as to the

The Baltimore and Ohio and Chicago Railroad Co. *et al. v.* Ketring *et al.*

second question stated renders it unnecessary for us to pass upon the constitutional question, we therefore express no opinion as to it.

A majority of the court have reached the conclusion that the subject-matter involved in this proceeding does not fall within the purview and scope of the said acts of the Legislature ; that the Legislature in the passage of said acts did not intend to provide a system of drainage for the fresh-water lakes of the State ; that the statutes apply, and were only intended to apply, to wet and marshy lands, swamps, ponds, and the like, and therefore that the circuit court of Kosciusko county had no jurisdiction, and erred in overruling the motion to arrest the judgment.

The writer does not agree with the conclusion reached by the majority of the court, but does not care to extend this opinion with a statement of the reasons which lead him to a different conclusion, because to do so would be of no practical importance.

The judgment is reversed, with costs, with direction to the court below to dismiss the petition.

ELLIOTT, J., concurs in the conclusion reached.

OLDS, J., dissents as to the conclusion reached that the purview and scope of the statutes are not sufficiently broad to cover fresh-water lakes.

Filed Jan. 30, 1890.