68   391
130   191

## HUDSON *v.* DENSMORE.

DAMAGES —*Injury to Property by Adjacent Mill.—Estoppel.—License.*—The fact that, at the time A. was engaged in the erection of a grist-mill and machinery seventy-five feet from B.'s house, the latter stood by, and, without objection, encouraged, advised, directed, assisted in and consented to the erection of said mill and machinery, will not estop him to afterward maintain

an action to recover damages for injuries to his property, and his enjoyment thereof as a home, resulting from the erection and operation of said mill, nor can a license to commit such injuries be implied from such conduct on the part of B., unless he knew or could have foreseen that such injuries would necessarily result from the erection and operation of said mill.

SAME.—*Evidence.*—Upon the trial of such cause, the testimony of a witness for the defendant, that, for two and one-half years last past, said witness had lived within forty feet of a planing mill, and within one hundred feet of another mill, in each of which an engine of the same manufacture and power was used, and that the steam therefrom had never dampened or wet his dwelling-house or clothing, or affected the health of his family, or interfered with the comfortable enjoyment of his property, would be incompetent and irrelevant.

SUPREME COURT.—*Record must show Error.—Practice.*—When an appellant asks of the Supreme Court the reversal of a judgment, on account of an alleged error therein, the record of the cause, filed in said court, must clearly show the existence of the error, without the aid of any statement of matter foreign to the record.

From the Lagrange Circuit Court.

*J. D. Ferrall* and —— *Drake*, for appellant.

*J. B. Wade, C. U. Wade, W. C. Glasgow* and *J. R. Selby*, for appellee.

HOWK, C. J.—In this action the appellee sued the appellant, in a complaint of three paragraphs, to recover damages for alleged injuries to the appellee's property and his enjoyment thereof as a home for himself and his family, by the appellant, done and committed in and by his erection and maintenance of a steam grist-mill, and in and by his continuous running and operating his said mill, about seventy-five feet west of the appellee's property and home, by means of which the appellee said that he was damaged in the sum of one thousand dollars, for which sum he demanded judgment.

To each paragraph of the appellee's complaint, the appellant demurred, for the alleged insufficiency of the facts therein to constitute a cause of action, which demurrers were severally overruled, and to these rulings the appel-

lant excepted. He then answered the complaint in two paragraphs, of which the first was a general denial, and the second paragraph was an affirmative or special defence. To this special defence the appellee replied in two paragraphs, as follows :

1. A general denial ; and,

2. A special reply.

To the second reply the appellant demurred, upon the ground that it did not state sufficient facts to constitute a reply to his special answer, which demurrer was overruled, and to this decision he excepted.

The issues joined were tried by a jury, and a verdict was returned for the appellee, assessing his damages in the sum of fifty dollars, and thereupon the court rendered judgment for the appellee for the damages assessed and for his costs. The appellant's motion for a new trial was overruled by the court, and to this ruling he excepted, and appealed from the judgment rendered to this court.

The following decisions of the circuit court the appellant has here assiged as errors :

1. The overruling of his motion for a new trial ;

2. The overruling of his demurrers to each paragraph of the complaint ; and,

3. The overruling of his demurrer to appellee's second reply.

In their argument of this cause, in this court, the appellant's counsel have not called in question the sufficiency of the facts stated in either paragraph of the appellee's complaint to constitute a cause of action. Under the settled practice of this court, therefore, the second alleged error, namely, the overruling of the appellant's demurrers to each paragraph of the complaint, must and will be regarded as waived.

The first error, to which the appellant's counsel have directed the attention of this court in their brief of this

cause, is the third and last of the errors assigned, to wit, the overruling of the demurrer to appellee's second reply.

In his second reply to the second paragraph of the appellant's answer, the appellee alleged, in substance, that if he ever, in any manner, omitted to object to the erection of said mill, or in any manner advised, directed, encouraged, assisted in, or consented to, the erection of the mill in the complaint mentioned, it was in entire ignorance of the effect it and its operation would have upon his property and residence, in the complaint mentioned, or upon his health or that of his family, and in entire ignorance of all the injurious effects it had on his said property, and his quiet, comfortable enjoyment thereof, as said effects were mentioned in the complaint, and with the belief that it would, in erection and operation, be harmless to him and his said property; and that if he had ever, in any manner, licensed the appellant to do and commit the wrongful acts and injuries, in the complaint stated, to erect and operate said mill as therein stated, he had revoked said license long before the bringing of this action, and before the committing by the appellant of any of the grievances in the complaint mentioned.

Before considering the objection of the appellant's counsel, in argument, to the sufficiency of this second reply, it may properly be premised that, in the second paragraph of answer, to which this reply was directed, the appellant had not counted upon an express license from the appellee to erect, maintain and operate the appellant's steam grist-mill at the place and in the manner complained of in appellee's complaint. But the gist of the second paragraph of the answer, as we understand its averments, was, that, at the time the appellant was engaged in the erection of his said grist-mill and machinery, at the place where the same were located, the appellee "stood by," and, without objection, advised, directed, encouraged, assisted in and

consented to the erection of said mill and machinery at such place ; and that, by means of the premises, the appellee had impliedly licensed the erection of the mill and machinery at such place, or, else, that he was thereby barred and estopped from asserting any.claim for damages on account of the matters alleged in his complaint.

The appellee's second reply was evidently framed and filed for the purpose of showing that the facts stated in the second paragraph of the answer, in whatever light they might be viewed, ought not to be regarded as a defence to the appellee's cause of action, for the reasons stated in said second reply.

It seems to us that the facts stated in the second reply constituted a good reply to the second paragraph of the appellant's answer, whether the facts stated in said paragraph of answer were pleaded as matter of estoppel, or as constituting an implied license to the appellant to do and perform the acts, in whole or in part, complained of by the appellee in his complaint. The case at bar is very similar, on the point under consideration, to the case of *Bell v. Elliott*, 5 Blackf. 113. That was an action of trespass on the case, by Elliott against Bell, for erecting a mill-dam upon his premises, which dam caused the land of Elliott to be overflowed. On the trial of the cause the circuit court had instructed the jury, that if they believed, from the evidence, that the plaintiff had made no objection to the erection of . the dam, and had assisted in erecting it with a view to his own benefit, still, if they believed that the plaintiff did not know, or could not have foreseen, that the dam would cause his land to be overflowed, they could not presume a .license from the circumstances stated. The correctness of this instruction, as a matter of law, was the question for the decision of this court, and the conclusion of the court was, that the instruction was unobjectionable. In delivering the opinion of the court, BLACKFORD, J., said : "If the

plaintiff had given an express and legal license to the defendant to build the dam, that would have been, in effect, a license to overflow the land; because such would have been the plain object of the license; and it could not have had any other object. But the circumstance that the plaintiff did not object to the building of the dam, and assisted in building it, is no evidence of itself that he consented to waive any injury which the dam might afterward occasion to his land. If he had no knowledge that the dam would cause his land to be overflowed, his conduct can be readily accounted for, without supposing that he intended by it to give a license for the unforeseen injury. Unless he knew that the dam would cause an injury to his property, it was not his duty to object to it, nor could it be expected that he would do so."

The doctrine of the case cited is, we think, directly applicable to the question under consideration, in the case now before us. The appellee's conduct, as stated in the second paragraph of the answer, in that he stood by and, without objection, encouraged, advised, directed, assisted in and consented to the erection of the appellant's steam grist-mill and machinery, can be readily accounted for on other more rational hypotheses than that he thereby intended to license the appellant in the commission of unforeseen injuries and grievances to his property, himself and his family. It is certain, we think, that such a license, authorizing the commission of the grievances and injuries complained of, could not be fairly implied, inferred or presumed from the appellee's said conduct in the premises, unless he knew and could have foreseen that such injuries and grievances would necessarily result from the erection and operation of the appellant's mill and machinery. As the appellant had pleaded, in the second paragraph of his answer, the appellee's said conduct, either as a license or as an estoppel, in either view of the paragraph, the mat-

ters stated in the second reply constituted a good reply, and the demurrer thereto was correctly overruled. The case of *Snowden* v. *Wilas*, 19 Ind. 10, cited and relied upon by the appellant's counsel, is not in point; for, in that case, the defence was an express license, and not, as in this case, an implied or presumed license.

The only other question, presented by the appellant's counsel in their brief of this cause, arises under the alleged error of the court, in overruling the motion for a new trial. One of the causes for a new trial, assigned by the appellant in his motion therefor, was this : " The court erred in excluding, over [on?] the objection of the defendant [plaintiff?], the testimony of B. F. Clark, a competent witness, by whom the defendant offered to prove " certain matters, setting them out at length. The evidence on the trial is not in the record. There is in the record, however, a bill of exceptions containing a statement of the facts which the appellant offered to prove by the witness, Clark, and which, on the appellee's objection thereto, were excluded by the court. The facts which the appellant thus offered to prove by the witness, Clark, were, in substance, as follows :. That he, Clark, for two and one-half years last past, had resided forty feet north of a planing-mill, that was run and operated by an engine of the same manufacture and power as that used in appellant's mill, of which appellee complained, and one hundred feet west of another mill, run and operated by an engine of the same make and power, and the same kind of machinery, as the appellant's said engine, and that, during said time, the steam from said engines had frequently blown towards, upon and about the premises of the witness and against his dwelling-house, and upon clothing hanging out on said premises, and that said steam had not at any time dampened or wet his dwelling-house or premises, or clothing, or affected the health of himself or of his family, or in any

manner interfered with his comfortable enjoyment of his property.

In discussing the alleged error of the court, in excluding this offered evidence, the appellant's counsel say : " The plaintiff and others testified that the steam did carry water onto the plaintiff's house, and, in their judgment, rendered it damp." It may be true, that such evidence was given on the trial by the appellant and his witnesses ; but, if so, the record wholly fails to show it. We can not decide this case, or any question arising therein, on the statement of counsel of matter *dehors* the record, however true in fact, such matter may be.. When an appellant asks of this court the reversal of a judgment, on account of any alleged error therein, the record of the cause, filed in this court, must clearly show the existence of the error, without the aid of any statement of extrinsic matter, foreign to the record. It seems to us that the facts which the appellant offered to prove by the witness, Clark, were incompetent and irrelevant. Whether the steam from two mills dampened or wet Clark's dwelling-house or clothing, or affected his health or that of his family, or interfered with his comfortable enjoyment of his property or not, were questions which were not then on trial ; and whatever might have been the evidence of Clark, in regard to these questions, it is clear, we think, that such evidence could not have had any possible bearing on the proper or just decision of the cause on trial.

In our opinion the court did not err in overruling the appellant's motion for a new trial.

We find no error in the record of this cause.

The judgment is affirmed, at the appellant's costs.