No. 692.

AHLENDORF v. THE FIRST NATIONAL BANK OF HAMMOND.

APPEAL.—*Assignment of Errors.—Motion for a New Trial.—Not Brought into Record by Bill of Exceptions.—No Question Presented on Appeal.*—Where the only questions sought to be raised on appeal arise upon a motion for a new trial, and there is no bill of exceptions bringing such matter into the record, no question is presented to the Appellate Court. The statements in a motion for a new trial do not, of themselves, constitute evidence of their truthfulness, but such facts, to be potent, must appear in a bill of exceptions.

From the Laporte Circuit Court.

*Griffin & Wile* and *J. W. Crumpacker*, for appellant.

*W. S. Coy* and *M. Nye*, for appellee.

GAVIN, J.—The only questions presented for our consideration in this cause arise upon the motion for a new trial. Complaint is made as to the admission and the rejection of certain evidence, and also as to the propriety of certain remarks of the presiding judge. It is also urged that the evidence is insufficient to sustain the verdict.

There is no bill of exceptions bringing into the record the evidence, or any of the proceedings upon the trial. This being the case, there is nothing upon which this court could say that the action of the court below was erroneous.

The statements in the motion for a new trial do not constitute any evidence in this court of the truth of the alleged causes for the motion. For aught this court can know from the record, the new trial may have been refused because the grounds alleged did not in fact exist. *Choen* v. *State*, 85 Ind. 209; *Indianapolis, etc., Gravel Road Co.* v. *Christian*, 93 Ind. 360.

In this last case it is said: "Whether the matters stated in the motions are true or actually occurred must be stated

in the bill of exceptions, over the signature of the judge who presided at the trial, and passed upon the motions, and is cognizant of all that transpired during the progress of the cause; otherwise we can not know of the truth or falsity of such matters."

The judgment is affirmed.

Filed March 3, 1893.