Filed Feb. 16, 1894.

————————◆————————

No. 801.

ROSENSTEIN v. THE STATE.

CRIMINAL LAW.—*Intoxication.—Place, When Sufficiently Charged.*—An affidavit charging the offense of unlawful intoxication must, in addition to alleging it to have been in a public place, allege the kind or character of such place, so that the court may determine whether or not it is a public place within the meaning of the statute.

SAME.—*Affidavit.—Jurat.—Seal.—Arrest of Judgment.—Reversal.*—If an affidavit made before a police judge has no seal attached to the jurat, such omission, even if required, will not constitute a ground for arrest of judgment, or reversal, such omission, if error, not being prejudicial to the substantial rights of the defendant.

SIGNATURE.—*Genuine or Mechanical.—Judicial Notice.*—Where a signature is in script, and purports on its face to be written, although it may have been placed there by some mechanical contrivance, the court can not take judicial knowledge of such fact.

PRACTICE.—*Motion, Statement of Fact in.*—The mere statement of a fact in a motion is not such proof of its existence as to authorize the court to act upon it.

From the Marion Criminal Court.

*W. F. A. Bernhamer*, for appellant.

*A. G. Smith*, Attorney-General, and *J. W. Holtzman*, Prosecuting Attorney, for State.

GAVIN, J.—The affidavit charged the appellee with having been found in a state of intoxication "in a public place, to wit, in the public streets of the city of Indianapolis."

The language of the statute would be followed by simply charging the offense to have been "in a public place." R. S. 1894, section 2187.

It has been held, however, that in this instance it is not, as is usually the case, sufficient to follow the language of the statute, but that the charge must go further and "describe the place where the accused was found, so that the court may see that such place is a public place, within the meaning of the statute." *State* v. *Welch*, 88 Ind. 308.

By this is meant a description, not of the location of the place, but its kind and character.

The degree of certainty required as to location is determined upon other principles. This affidavit is good within the rule laid down in *State* v. *Waggoner*, 52 Ind. 481, and *State* v. *Moriarty*, 74 Ind. 103.

A motion in arrest of judgment was made, and several grounds are presented to support it.

There is nothing in the record to show that the affidavit was not signed by the prosecuting witness, so this objection is not tenable.

Another reason urged against the sufficiency of the affidavit is that the jurat is signed by the judge before whom the affidavit was made, not in his own handwriting but with a rubber stamp. That this is true is not brought to our knowledge in any manner known to the law.

It is not so declared by any evidence in a bill of exceptions, nor by affidavits. It is so stated in the motion in arrest, but it is well settled that the mere statement of a fact in a motion is not such proof of its existence as

authorizes a court to act upon it. *Ahlendorf* v. *First Nat'l Bank*, 6 Ind. App. 316, 33 N. E. Rep. 529; *Indianapolis, etc., Co.* v. *Christian*, 93 Ind. 360; *Choen* v. *State*, 85 Ind. 209.

The original, it is true, has been brought to this court by a *certiorari* and is before us for inspection. Yet we are not permitted thus to determine questions of fact, about which there may be room for difference of opinion. The signature is in script, and purports, on its face, to be written, and, although it may have been placed there by some mechanical contrivance, we can not take judicial knowledge of such fact. In truth, there are many instances in which it would require the powers of an expert to determine whether or not a signature was really written or placed there by some mechanical means. We do not, therefore, feel required nor authorized to determine the legal question as to the validity of an official document authenticated, not by the written signature of the officer, but by some mechanical contrivance which may be left at the command of any one who may pick it up about his office.

We will say, however, that even if it be strictly legal, (see *Hamilton* v. *State*, 103 Ind. 96, 53 Am. Rep. 491, and notes) the practice is not one to be commended.

The last reason presented for sustaining the motion is the want of the seal to the jurat on the affidavit.

In support of this contention counsel rely upon *Miller* v. *State*, 122 Ind. 355.

In that case an affidavit, sworn to before a notary, was held bad because there was no seal. This holding was, however, based upon a statute, which expressly declares: "All notarial acts, not attested by such seal, shall be void." As to the acts of the officer in this case, a police judge, in whose court the cause was to be tried, there is no such statute.

The case of *Mountjoy* v. *State*, 78 Ind. 172, meets the question under consideration. It is there said: "The seal of a court need not be attached to the jurat of an affidavit sworn to before its clerk, and to be used only in such court."

So, also, *Qualter* v. *State*, 120 Ind. 92, decides the proposition adversely to appellant.

Moreover, we are clearly of the opinion that it is not in consonance with either the letter or the spirit of our code to reverse a cause for such a defect when presented by motion in arrest after the party has been tried upon the merits and when it is plainly apparent that his rights to a fair trial have been in no way prejudiced by the defect, if any existed.

Section 1964, R. S. 1894, provides: "In the consideration of the questions which are presented upon an appeal, the Supreme Court shall not regard technical errors or defects or exceptions to any decision or action in the court below, which did not, in the opinion of the Supreme Court, prejudice the substantial rights of the defendant." *Nichols* v. *State*, 127 Ind. 406; *State* v. *Dusenberry*, 112 Mo. 277.

It is the plain purpose of our law to protect and preserve the rights and liberties of the citizen to the fullest extent, but it is equally apparent that, after every opportunity has been afforded a defendant to present his case upon its merits, it is not intended that a conviction should be set aside upon mere technical errors of procedure, by which he could not, by any possibility, have been prejudiced.

Judgment affirmed.

Filed Feb. 21, 1894.