Foultz *v.* State.

<hr />

### FOULTZ *v.* THE STATE.

[No. 3,272.   Filed February 20, 1900.]

APPEAL AND ERROR.—*Record.*—*Criminal Law.*—The Appellate Court will not review the action of the trial court in overruling a motion for a new trial in a criminal cause where the affidavit upon which the warrant was issued is not in the record.

From the Henry Circuit Court.   *Affirmed.*

*W. A. Brown,* for appellant.

*W. L. Taylor,* Attorney-General, *Merrill Moores, C. C. Hadley, R. H. Hartford* and *W. R. Steele,* for State.

WILEY, C. J.—After entitling the cause the record commences with the following recital: "Be it remembered that on the 27th day of January, 1899, the following transcript was filed in the office of the clerk of the Henry Circuit

Court." Then follows what purports to be a transcript of the proceedings had before a justice of the peace. From this transcript, as it appears in the record, it is recited, among other things, that, on a day named, an affidavit was filed with the justice charging appellant with making an unlawful sale of cartridges to a minor; that a warrant was issued for his arrest; that appellant filed an affidavit for a change of venue; that the venue was changed to another justice, naming him; that trial was had before the latter justice, resulting in a finding and judgment of guilty; that a bond was filed and an appeal taken to the Henry Circuit Court; that in the latter court the case was tried by a jury, a verdict of guilty was returned, and, over appellant's motion for a new trial, judgment was pronounced upon the verdict. Appellant based his motion for a new trial upon three causes: (1) Because the verdict was contrary to law; (2) because the verdict was contrary to the evidence; (3) because the verdict was not sustained by sufficient evidence. The only error assigned is the overruling of the motion for a new trial.

At the very threshold we are confronted with the inquiry, does the record present any question for decision? As the motion for a new trial depends upon the evidence, can we consider the evidence for any purpose without having before us, in the manner provided by law, the issue upon which the evidence rests? While the record recites that an affidavit was filed charging a misdemeanor, yet such affidavit does not appear in the record. We can not, therefore, tell whether the evidence was applicable to the issue joined upon the affidavit and appellant's plea of not guilty, or was sufficient to sustain the verdict and the judgment rendered thereon. To have questions of alleged errors reviewed upon appeal it is incumbent upon the appellant to bring to the appellate tribunal a proper record upon which such alleged errors are predicated. *Morningstar* v. *Musser*, 129 Ind. 470.

In *Watt* v. *Alvord*, 27 Ind. 495, it is said: "The law directs what shall compose the transcript brought to this court on an appeal taken * * *. The parties may bring less if they agree, but they can not require this court to act upon it. By section 558 of the code, the appellant may bring such parts of the record as he chooses, but this court would be trifling were it to act upon less than is necessary to enable it to determine whether there was available error."

In *McCardle* v. *McGinley*, 86 Ind. 538, 44 Am. Rep. 343, the court said: "It was the duty of the appellant to bring up to this court a record fairly and fully presenting the questions upon which the court is asked to pass." In that case the answer was omitted from the record. The appellant was the defendant below, and it was held that, in the absence of the answer, it was impossible for the court to determine what the issues in the case were, and that, being unable to determine what the issues were, the court could not say whether the evidence was sufficient to sustain the verdict.

In *Kesler* v. *Myers*, 41 Ind. 543, the court said: "The mistakes of clerks and the want of attention on the part of counsel compel us, in many cases, against our wishes, to dispose of cases on technical points, instead of deciding them on their merits. But an adherence to established rules of practice is essential to the due administration of justice." And again, on page 555 of the same case, the court said: "It is a general rule that, at any time pending an appeal or writ of error, whether before or after errors assigned, or after *in nullo est erratum* pleaded, the court, *ex officio*, may award a *certiorari* to inform their conscience, to affirm a judgment, but never to reverse it, or make error."

An appellate court disposes of a case brought before it solely upon the record. In a criminal case, the affidavit, or the affidavit and information, or the indictment, as the case may be, constitutes the complaint, and the issue is joined

by the defendant's plea. It follows, as a logical sequence, that a transcript in such a case of the proceedings which does not contain such indictment, etc., is an imperfect transcript and can not present any question for review, because it does not inform the court as to issues submitted to the trial court. Suppose we are considering a civil action on appeal, where the record did not contain a copy of the complaint, answer, and reply, and we were asked to review the action of the trial court in overruling a motion for a new trial on the ground that the verdict was contrary to the evidence, or was not sustained by sufficient evidence,—it is evident that such a record would not present any question for decision. In such a case we could have no means of knowing whether the evidence was pertinent to the issues, for the simple reason that the record would not disclose what the issues were. We must apply the same rule in the case we are now considering, for the two are analogous in principle, and rest upon the same rule and reason.

It is scarcely necessary for us to say what the requisites of a record on appeal are, but it will not be out of place in this connection to refer to some authorities upon the subject. Judge Buskirk, in his work on Practice, at page 83, says: "There is one general rule that should be rigidly and invariably adhered to in making up a transcript, and that is, to arrange the proceedings in the order in which they occurred in the court below. The transcript ought to be an accurate and methodical history of the cause, as it progressed, step by step, in the lower court."

In *Kirby* v. *Cannon*, 9 Ind. 371, the court said: "A record is an entire thing. It is composed, generally, of an orderly and methodical history of what has transpired in a court whose acts it is designed to perpetuate. It is an engrossment, rather than a copy, of those documents which properly constitute the record, eschewing all foreign matter." See, also, *Matlock* v. *Todd*, 19 Ind. 130.

At common law, the pleadings were all copied *verbatim*

on the parchment roll. In 3 Blackstone's Com. 317, it is said: "The record is a history of the most material proceedings in the cause entered on a parchment roll, and continued down to the present time; in which must be stated the original writ and summons, all the pleadings, the declaration, view or oyer prayed, the imparlances, plea, replication, rejoinder, continuances, and whatever further proceedings have been had, all entered *verbatim* on the roll, and also the issue, or demurrer, and rejoinder therein." Our code provides that it shall be the duty of the clerk to draw up each day's proceedings at full length in an order-book kept for that purpose, which is required to be read in open court, and signed by the judge. §1382 Burns 1894.

In *Matlock* v. *Todd*, 19 Ind. 130, it is said: "Now, pleadings must be entered of record. The complaint, answers, demurrers, etc., must be filed by the clerk, and they constitute a part of the record proper. The journal entry, by the clerk, of their filing, is, also necessarily a part of the record." See, also, *Riley* v. *State*, 149 Ind. 48; Elliott's App. Proc. 186. These authorities lead to the inevitable conclusion that the pleadings in a cause constitute a part of the record, and they should be set out in the transcript where any question is presented on appeal which relates to the issues, for in no other way can an appellate court know what the issues in the trial court were.

In *Allen* v. *Gavin*, 130 Ind. 190, the issues arose upon an administrator's report and exceptions thereto. The transcript did not contain the report and the exceptions. It was held that in such case the court may, at its option, affirm the judgment or dismiss the appeal. In *Seager* v. *Aughe*, 97 Ind. 285, the first and second paragraphs of complaint upon which the case was tried were not in the record. The motion for a new trial was based upon the ground that the finding was contrary to the evidence. It was held that, in the absence of the paragraphs of com-

plaint mentioned, the court could not say that the evidence supported the material averments of either paragraph. The court said: "Without them this reason for a new trial presents no question whatever." In Elliott's App. Proc. *supra*, it is said: "If the transcript does not contain all that is essential to show error, the appeal will fail, since errors will not be presumed to exist and a radically imperfect transcript can not show error." See *Miles* v. *Jennings*, 6 Mo. App. 589; *Bain* v. *Goss*, 123 Ind. 511.

Errors must be manifest on the face of the record before they can be considered by an appellate tribunal. *Hudson* v. *Densmore*, 68 Ind. 391; *Martin* v. *Martin*, 74 Ind. 207. In *McCardle* v. *McGinley*, 86 Ind. 538, 44 Am. Rep. 343, the court said: "It was the duty of the appellant to bring up to this court a record fairly and fully presenting the questions upon which the court is asked to pass. It is obvious that, in the absence of the answer of the appellant to the complaint, this court can not determine what the issues in the case were. Nor can we determine that the interrogatories answered by the jury were pertinent and relevant to the issues; nor whether the evidence was sufficient to sustain the verdict; for, as we can not determine what the issues were, we can not know what the verdict covered or embraced. * * * While it is impossible to determine from the record what the issues in the case were, yet it might, perhaps, be plausibly maintained, from what appears in the record, that the issues must have been such as to require proof on the part of the appellee of the material facts alleged in the complaint. But this is not certain, because, for anything that appears, the appellant may have pleaded a release of the damages only. This may not be probable, but still it may have been."

As we have said, appeals to this court are tried upon the record, and by the record they must be decided. See Elliott's App. Proc. §186, and cases there cited. We are not bound, nor indeed have we any right, to act upon anything

less than a perfect record, or to award a *certiorari* of our own motion, in order to reverse a case. We must indulge every reasonable presumption in favor of the regularity and legality of the trial court, and before such presumption can be overcome, it is incumbent upon the appellant to present to us a transcript of the record which affirmatively discloses the commission of the error of which he complains. See Elliott's App. Proc. 291, 293, and authorities there cited. *Riley* v. *State*, 149 Ind. 48; *Campbell* v. *State*, 148 Ind. 527.

As we must presume in favor of the action of the trial court in overruling the motion for a new trial, in the absence of a record which discloses the issues submitted for trial, it necessarily follows that we must presume that the verdict was in harmony with the law and the evidence, for the reason that appellant has not brought to us a record which affirmatively shows the contrary. Judgment affirmed.