CITY OF BLOOMINGTON *v.* HANCOCK

[No. 28,226.   Filed January 21, 1947.]

J. E. *Darby* and *Robert G. Miller,* both of Bloomington, and *Paul Haywood,* of Bloomfield, for appellant.

*Willis Hickam,* of Spencer, *George E. Huntington,* of Bloomington, and *Allen G. Pate,* of Bloomfield, for appellee.

PER CURIAM.—This appeal was filed and submitted August 5, 1946. On September 3rd appellant filed its brief. On October 2nd appellee appeared specially and filed a motion to dismiss the appeal with brief. On December 12th appellant filed its verified application for writ of *certiorari.*

The motion to dismiss is for the reasons:

First. That the complaint, answer, reply, verdict, motion for new trial and rulings thereon, judgment, praecipe, and record entries in the trial court relating to the cause are not set forth in the record proper. They appear only in a special bill of exceptions. The assignment of error seeks to present for consideration the single question "the court erred in overruling the appellant's motion for a new trial."

Second. That the transcript contains nothing purporting to be the record proper in the cause, but con-

tains only a document purporting to be the original bill of exceptions, signed by the trial judge on August 1, 1946; a document purporting to be a special bill of exceptions, containing the matters noted above, signed by the trial judge on August 1, 1946. The clerk's final certificate is dated July 27, 1946.

An examination of the record discloses that the motion states the record correctly. To meet this situation, appellant filed its application for a writ of *certiorari*, asking that the clerk be commanded "to prepare and certify to this court a full, true and complete transcript of the record in this cause . . . including all papers filed and on file, all proceedings had therein, and the judgment rendered therein . . . and for "an order of this court directing said clerk to physically amend his certificate . . . and to correct the date in his certificate to the transcript so that it will have the effect intended . . ."

Since the record was filed in this court on August 5, 1946, we must presume that a final judgment was rendered on or before that date. The special bill of exceptions, which appellant has brought into the record shows the judgment was rendered on May 6, 1946, and on the same date the motion for new trial was overruled. It is incumbent upon an appellant to bring to this court a proper record. *Morningstar* v. *Musser* (1891), 129 Ind. 470, 471, 28 N. E. 1119; *Bozeman* v. *Cale* (1894), 139 Ind. 187, 190, 191, 35 N. E. 828; *Foultz* v. *State* (1900), 24 Ind. App. 141, 142 *et seq.*, 56 N. E. 262.

Rule 2-2 of the Supreme and Appellate Courts provides:

"In all appeals . . . the assignment of errors and transcript of the record must be filed in the office of the Clerk of the Supreme Court within 90 days

from the date of the judgment or the ruling on the motion for new trial . . ."

Since no transcript of the record proper has ever been filed in this court, a writ of *certiorai* ordering the filing of the same as of December 12, 1946—the ██ date of the application for the writ—if complied with, would bring up the record proper or as sometimes called the intrinsic record 129 days after the filing of the assignment of errors in this court, and 220 days after the date of final judgment and the ruling on the motion for new trial. An appeal based upon a transcript so filed would, of necessity, have to be dismissed because not filed within the time allowed. This court will not knowingly order the doing of a futile act. *Pahmeier* v. *Rogers* (1936), 102 Ind. App. 480, 1 N. E. (2d) 287; *Radcliff* v. *Meishberger* (1942), 112 Ind. App. 135, 136, 43 N. E. (2d) 874.

The certificate of the judge to both the special bill of exceptions and the general bill of exceptions is dated August 1, 1946. The certificate of the clerk of the Greene Circuit Court shows the general bill of exceptions was filed in his office on the same date, August 1, 1946. The final certificate of the clerk to the entire record filed, is dated July 27, 1946.

We are without power, by writ of *certiorari*, to order a clerk of a circuit court to change the date of any certificate he has made. Section 2-3224, Burns' 1946 ██ Replacement. In a proper proceeding such a change might be directed if actual error in the date were shown. In this case appellant has not made such showing, and it, therefore, must be presumed that the date fixed to the final certificate by the clerk is correct. Elliott's Appellate Procedure, § 186, p. 158, 159.

For the reasons given the application for writ of *certiorari* is denied, and the motion to dismiss  the appeal is sustained, and the appeal is dismissed.

NOTE.—Reported in 70 N. E. (2d) 631.