KRAFT ET AL. *v.* WEAVER ET AL.

[No. 17,955. Filed February 27, 1950. Rehearing denied March 31, 1950. Transfer denied April 28, 1950.]

. *Theodore Lockyear* and *James D. Lopp*, both of Evansville, for appellants.

*Hatfield, Meyer, Fine & Hatfield;* and *Edgar Durre*, all of Evansville, for appellees.

DRAPER, C. J.—The only errors assigned here require a consideration of the evidence. Therefore, if the bill of exceptions containing the evidence is not in the record, no question is presented and the judgment must be affirmed.

Rule 2-3 provides that the filing of a bill of exceptions may be evidenced by an order book entry or by the clerk's certificate. Our Supreme Court has said that the affixing of the clerk's file mark, in connection with certain recitals in the certificates of the judge and of the clerk, is sufficient to show the filing of the bill. *Walner* v. *Capron* (1946), 224 Ind. 267, 66 N. E. 2d 64. In this case the filing of the bill is not evidenced either by order book entry or by the clerk's certificate or file mark.

In recognition of that fact the appellant has filed a petition for the issuance of a writ of certiorari commanding the clerk to certify whether the bill was filed with the clerk, and if he so certifies, that he further certify the date upon which it was filed.

We cannot, by writ of certiorari, order the clerk of a Circuit Court to change any certificate he has made.

*City of Bloomington* v. *Hancock* (1947), 224 Ind. 609, 70 N. E. 2d 631; *Montgomery Ward & Co.* v. *Thalman* (1949), 120 Ind. App. 473, 89 N. E. 2d 294. In the case last cited it appeared that as a result of mistake and inadvertence, the clerk attached the wrong date to his certificate. The clerk acknowledged his mistake under oath. We refused certiorari, but on a petition seeking that relief we authorized the clerk to make his certificate speak the truth as to the date upon which the certificate was made, and we permitted the transcript to be withdrawn for that purpose.

Whether, in any case, we should permit a transcript to be withdrawn and returned to the clerk of the lower court for the purpose of permitting the clerk to reframe the certificate, so as to make it show the filing of a bill of exceptions not already shown, we need not decide. In this case such relief is not sought. Moreover, it is abundantly apparent that it would be futile to permit the withdrawal of the transcript for that purpose in this case, for by the affidavits of the clerk, two deputy clerks and the official reporter it appears that the bill of exceptions was not filed with the clerk, and he would naturally not certify that it was so filed.

One of the affidavits filed in this matter was irregularly executed. It was obtained by a young and inexperienced lawyer employed in the office of the attorneys for the appellants, who filed it in this court. It has not entered into our consideration of this matter. We are thoroughly convinced there was no intent to mislead or deceive this court. The mistake is understandable. We attach no great importance to it and contemplate no action concerning it.

Judgment affirmed.

NOTE.—Reported in 90 N. E. 2d 506.