EDWARDS *v.* EVANSVILLE CITY COACH LINES, INC.

[No. 18,742.   Filed March 23, 1956.]

*Griffith, Bates & Hancock,* of Evansville, for appellant.

*Ortmeyer, Bamberger, Ortmeyer & Foreman,* of Evansville, for appellee.

KENDALL, J.—Appellant's motion for new trial contends, (a) that the verdict of the jury is not sustained by sufficient evidence, and (b) that the verdict is con-

trary to law. Such contentions requesting a reversal require this court to consider the evidence, which evidence is not properly before the court.

Rule 2-3 of the Supreme Court provides as follows:

" . . . Every bill of exceptions tendered prior to the filing of the transcript in the appellate tribunal shall, if correct, be signed by the judge and filed with the clerk, which filing may be evidenced by an order book entry or the clerk's certificate. . . ."

The record reveals that on July 20, 1955, appellant tendered her pretended bill of exceptions containing the evidence which was approved and signed by the judge and filed with the clerk; it further reveals that on June 20, 1955, one month prior thereto, the clerk of the court certified, "that the above and foregoing transcript contains full, true and correct copies, or the originals, of all papers and entries in said cause required by the above and foregoing praecipe". The purported order-book entry is not identified in any particular, either by caption, cause number or file mark of the clerk, certifying that the pretended bill of exceptions was ever filed with the clerk. The clerk's certificate does not make reference to the filing of the bill of exceptions. The discrepancies in the dates of the purported entry and the certificate of the clerk indicate, so far as the record is concerned, that such pretended entry has no relation to this action in that the purported bill of exceptions was not tendered and filed until one month after the clerk's certificate to the transcript.

It is further without contradiction that the certificate of the clerk precedes the purported bill of exceptions containing the evidence; therefore, the bill of exceptions is not before the court as the authenticity thereof has not been certified by the clerk. *Radcliff* v. *Meishberger* (1942), 112 Ind. App. 135, 43

N. E. 2d 874; *Pahmeier* v. *Rogers* (1936), (T. D. 1936), 102 Ind. App. 480, 1 N. E. 2d 287. When the bill of exceptions has not been properly filed pursuant to Rule 2-3 of the Supreme Court, the same is not before the court. *Kraft* v. *Weaver* (1950), (T. D. 1950), 120 Ind. App. 276, 90 N. E. 2d 506. See also, *Walner* v. *Capron* (1946), 224 Ind. 267, 66 N. E. 2d 64. It is needless to cite authorities for it is uniformly held that the rules of the Supreme Court are binding upon the litigants as well as the court.

Notwithstanding our desire to decide cases upon the merits as presented, we are deprived of that prerogative by appellant's failure to properly present any question.

Judgment affirmed.

NOTE.—Reported in 133 N. E. 2d 88.