ESTATE OF WAGONER ETC. *v.* MARTIN COUNTY BANK ET AL.

[No. 19,459. Filed April 11, 1960.]

*Gray & Waddle,* of Petersburg, *Mellen & Mellen* and *Robert L. Mellen, Jr.,* of Bedford, for appellant.

*Seal & Seal,* of Washington, and *Falls & Pickett,* of Shoals, for appellees.

MYERS, C. J.—This is an appeal from a judgment of the Martin Circuit Court entered June 5, 1959, wherein three claims filed by appellees were allowed against appellant's decedent's estate. Appellant filed her motion for a new trial, which was overruled on December 7, 1959. The time for filing the assignment of errors and transcript of the record with the Clerk of the Appellate Court was within ninety days from the ruling on the motion for new trial. The expiration date was March 6, 1960, but due to the fact that day fell on Sunday, the time for filing included the first day thereafter, being March 7th. Supreme Court Rule 2-9.

On that day appellant filed in this court her verified petition for an extension of time in which to file the transcript and assignment of errors, based upon the inability of the official court reporter of the Martin Circuit Court to complete the transcript in time. One of the attorneys for the appellant filed his affidavit with said petition for extension of time in which he stated as follows:

"On March 7, 1960, he served a copy of said petition by mail upon Falls & Pickett, Attorneys at Law, Shoals, Indiana, they being attorneys of record for the claimant, The Martin County Bank, and upon Seal & Seal, Attorneys at Law, Washington, Indiana, they being attorneys of record for the claimants, Standard Oil Company, an Indiana Corporation, and Joe E. Harding."

This court, on March 7, 1960, relying on said representation, granted appellant's petition for extension of time up to and including June 6, 1960.

On March 15, 1960, appellees appeared specially, pursuant to Rule 2-11 of the Supreme Court, and filed their duly verified motion to dismiss the appeal because it was not perfected in time. They assert that, under Rule 2-2 of the Supreme Court, no notice of intent to file the petition was served upon them by March 7, 1960. They state that they received through the United States mail, on *March 8, 1960,* a copy of appellant's petition for extension of time, and that the service of a *copy of the petition* does not comply with the rule. They further state that, pursuant to Rule 2-13 of the Supreme Court, no copy of the petition was served upon appellees within the time allowed for filing the petition, and that, accordingly, this court is without jurisdiction and the appeal should be dismissed.

The pertinent part of Rule 2-2 reads as follows:

"If within the time for filing the assignment of errors and transcript, as above provided, it is made to appear to the court to which an appeal or review is sought, *notice having been given to the adverse parties,* that notwithstanding due diligence on the part of the parties seeking an appeal or review, it has been and will be impossible to procure a bill of exceptions or transcript to permit the filing of the transcript within the time allowed, the court to which the appeal or review is sought may, in its

discretion, grant a reasonable extension of time within which to file such transcript and assignment of errors." (Our emphasis.)

Rule 2-13 reads as follows:

"Within the time allowed for filing motions and petitions, and briefs in support thereof, copies shall be served upon the parties affected, or their attorneys of record, and proof of such service shall be made at the time of filing or promptly thereafter."

It is noted that Rule 2-13 is comprehensive in that it embraces all motions, petitions and briefs in support thereof, stating that a copy shall be served within the time allowed for filing the same. We believe this includes a petition for extension of time to file transcript and assignment of errors. Each party has cited the case of *McConnell* v. *Fulmer* (1952), 230 Ind. 576, 581, 103 N. E. 2d 803, 804, 805, where the court stated:

"Rule 2-13 does not apply to an application for extension of time to file a transcript and assignment of errors, although it would have been better practice to have served a copy upon appellee or her attorneys."

In that case a notice had been served upon the adverse party, but not a copy of the petition. The court merely indicates that Rule 2-2 calls for a *notice* only and that therefore Rule 2-13 does not apply in its requirement for service of a *copy* of the petition on the adverse party. However, the service of a copy of the petition would seem to meet the demands of a service of a notice, so it appears that when filing a petition to extend the time for filing a transcript and assignment of errors, the appellant has his option of serving a notice on appellee or a copy of the petition, or

both if he sees fit. Flanagan, Wiltrout & Hamilton's *Indiana Trial and Appellate Practice,* §2752, p. 350.

The real question involved herein is whether or not appellant gave notice to appellees within the time allowed for filing the petition for extension of time, pursuant to Rule 2-13 and Rule 2-2, by mailing a copy of the petition on the last day for filing, with the result that appellees received copies of the petition the day following.

It is to be noted that in Rule 2-2 it is stated that:

"If within the time for filing the assignment of errors and transcript, . . . notice having been given to the adverse parties,"

this court may grant an extension of time within which to file such assignment of errors and transcript. As we have seen, notice may be either written notice of appellant's intention to file such a petition or a copy of the petition itself. In either event, or both, they must be given to the opposite party within the time established by the rule. Accordingly, the notice or a copy of the petition must have been given the adverse party within the time for filing the assignment of errors and transcript, and *prior to the granting of the extension of time.* This is a condition precedent which the rule positively states must take place before this court may act. Therefore, it is jurisdictional.

When copies of briefs were deposited in the United States mail on the last day for filing, it has been held that this did not amount to service upon the opposite party unless the briefs were actually received by him on that day. The reasoning is that the mail at most is only the agent selected by the party to carry copies of the brief to the opposite party, so that if the agent fails to deliver within the time

allowed for filing, the requirements of the rule for filing briefs have not been met. *Gary Railways Co.* v. *Kleinknight* (1941), 110 Ind. App. 72, 36 N. E. 2d 939; *Wright* v. *Hines* (1945), 116 Ind. App. 150, 62 N. E. 2d 884; *Hoover* v. *Shaffer* (1948), 118 Ind. App. 399, 80 N. E. 2d 569; *Coal Operators Casualty Co.* v. *Randolph* (1955), 125 Ind. App. 364, 122 N. E. 2d 737; *Ind. Tr. & Savings Bank, Exr., etc.* v. *Zapp* (1955), 126 Ind. App. 92, 130 N. E. 2d 329. To relieve parties of the harshness of this rule, the Supreme Court adopted Rule 2-15A, wherein briefs are deemed filed with the Clerk, or served upon the opposing party, upon deposit of the same in the United States mail and the prompt filing with the Clerk of a receipt of such deposit. In such case, the time for filing of a responsive brief is automatically extended for five days. No such rule has been adopted pertaining to petitions for extensions of time to file transcripts and assignments of error.

Where a copy of a petition for rehearing was mailed the last day for filing, and not received by the opposite party until the following day, this court dismissed the petition on the ground of inadequate service. *Matlaw Corp.* v. *War Damage Corp.* (1953), 123 Ind. App. 593, 112 N. E. 2d 233, 868.

The fact that this court granted the petition does not relieve appellant's position. The grant was made upon the assumption of the correctness of appellant's position. Our action did not foreclose appellees' right to move for a dismissal upon a showing that appellant's position was incorrect. We find that notice was not given to the appellees within the time or prior to the filing of appellant's petition for extension of time. The failure to perfect an appeal within the time deprives the court of jurisdiction of the subject-matter appealed, and the appeal should be dis-

missed. *Dawson et al.* v. *Wright, Mayor, etc., et al.* (1955), 234 Ind. 626, 129 N. E. 2d 796.

Appeal dismissed.

NOTE.—Reported in 166 N. E. 2d 184.