SIZEMORE ET AL. *v.* PUBLIC SERVICE COMMISSION
OF INDIANA ET AL.

[No. 19,239. Filed February 13, 1962.]

*Sidney Krieger,* of Gary, *Terry Harris,* Acting Public Counselor, *E. Ray Barker,* Assistant Public Counselor and *George L. Diven,* of Indianapolis, for appellants.

*Roger D. Branigin,* of Lafayette, *William R. Hunter,* of Winchester, *Claude M. Warren, Alan W. Boyd, Jerry P. Belknap,* and *Barnes, Hickam, Pantzer & Boyd,* of counsel, all of Indianapolis, for appellees, General Telephone Company of Indiana, Inc., United Telephone Company of Indiana, Inc., and the Eastern Indiana Telephone Company.

*M. Elliot Belshaw,* of Hammond, for appellee, Illinois Bell Telephone Company.

## On Petiton To Transfer

Bobbitt, J.—A petition to transfer from the Appellate Court to the Supreme Court was filed by appellants on January 3, 1962, under Acts 1947, ch. 307, §1, p. 1251, being §54-203, Burns' 1951 Replacement.

Appellees, General Telephone Company of Indiana, Inc., United Telephone Company of Indiana, Inc., The Eastern Indiana Telephone Company, and Illinois Bell Telephone Company, have filed their motion to dismiss the petition to transfer because appellants failed to serve a copy of the petition upon any of the appellees, or upon any of their attorneys of record, within the time required by Rule 2-13 of this court, 1958 revision.

Rule 2-13, *supra*, provides:

> "Within the time allowed for filing motions and petitions, and briefs in support thereof, copies shall be served upon the parties affected, or their attorneys of record, and proof of such service shall be made at the time of filing or promptly thereafter."

Rule 2-23 of this court, 1958 revision, provides that a petition to transfer "shall be filed within 20 days after a petition for rehearing has been denied."

The petition for rehearing was denied by the Appellate Court on December 14, 1961. Appellants' time for filing a petition for transfer expired on January 3, 1962. The petition was filed on the last day within the time allowed by Rule 2-23, *supra*.

A "Certificate of Service" was attached to the petition to transfer which stated that copies of the petition had been placed in the United States Mail on January 3, 1962, postage prepaid, and addressed to each of the appellees' respective attorneys of record.

No copy of such petition was, however, received by any attorney of record until January 4, 1962.

It is suggested that Rule 2-15A of this court, 1958 revision, which provides for the filing and service of briefs by depositing them in the United States Mail or with the Railway Express Agency, Inc., is applicable here. We think not.

Rule 2-15A, *supra*, does not apply to the filing of motions or petitions, but merely supplements Rule 2-13, *supra*, as it relates to briefs by providing a method of serving copies thereof upon the parties affected or their attorneys of record.

We construe Rule 2-13, *supra*, as amended, (effective September 2, 1940) to apply to all motions or petitions and briefs in support thereof, including petitions to transfer from the Appellate Court, and "a failure to comply therewith requires a dismissal of the petition." *Muniz etc.* v. *United States et al.* (1959), 129 Ind. App. 433, 454, 155 N. E. 2d 140, 156 N. E. 2d 641; *Norling* v. *Bailey* (1951), 121 Ind. App. 457, 462, 98 N. E. 2d 513, 99 N. E. 2d 439; *Estate of Wagoner* v. *Martin County Bank* (1960), 130 Ind. App. 494, 500, 166 N. E. 2d 184.

It is apparent from the record here that appellants did not "within the time allowed" serve upon appellees, or their attorneys of record, a copy of their petition to transfer to this court. Therefore, appellees' motion to dismiss the petition to transfer must be sustained.

Petition to transfer dismissed.

Achor, C. J., Arterburn and Jackson, JJ., concur.

Landis, J., concurs in result.

NOTE.—Reported in 180 N. E. 2d 232.