RODGERS ET. AL. v. RODGERS.

[No. 20,188. Filed June 11, 1965.]

*Barrett, Barrett & McNagny* and *Bloom & Bloom* of Fort Wayne, for appellants.

*Deller, Dygert & Friend,* of Angola, for appellee.

PER CURIAM.—On November 17, 1964, this court, upon appellants' petition, granted a third extension of time in which to file transcript and assignment of errors to and including February 10, 1965. On February 9, 1965, appellants filed their fourth petition for extension of time to file transcript and assignment of errors. On February 18, 1965, appellants filed their supplemental petition for further extension of time within which to file transcript and assignment of errors. On March 17, 1965, this court denied said petition filed on February 9, 1965, and said supplemental petition filed on February 18, 1965.

On April 9, 1965, appellee duly filed his motion to dismiss the appellants' appeal.

Rule 2-2 of the Supreme Court, 1964 Edition, reads, in pertinent part, as follows:

"In all appeals and reviews the assignment of errors and transcript of the record must be filed in the office of the clerk of Supreme Court within ninety (90) days from the date of the judgment or the ruling on the motion for a new trial (whichever is later), unless the statute under

which the appeal or review is taken fixes a shorter time, in which latter event the statute shall control. If within the time for filing the assignment of errors and transcript, as above provided, it is made to appear to the Court to which an appeal or review is sought, notice having been given to the adverse parties, that notwithstanding due diligence on the part of the parties seeking an appeal or review, it has been and will be impossible to procure a bill of exceptions or transcript to permit the filing of the transcript within the time allowed, the court to which the appeal or review is sought may, in its discretion, grant a reasonable extension of time within which to file such transcript and assignment of errors. . . ."

The time within which an appeal must be perfected is jurisdictional and an appeal is said to be taken only when a transcript and assignment of errors are filed in the office of the Clerk of the Supreme Court.

". . . While appeals are initiated by the filing of a praecipe with the Clerk of the trial court, an appeal is said to be taken only when the transcript and assignment of errors are filed in the office of the Clerk of the Supreme Court. Indiana Trial and Appellate Practice, Flanagan, Wiltrout and Hamilton, §2471, page 194, Comment. The mere filing of petitions for extensions of time within which to file the transcript and assignment of errors does not constitute the taking of an appeal. This merely gives the appellant additional time within which to commence the appeal." *State* v. *Hendricks Superior Court* (1964), 246 Ind. 1, 201 N. E. 2d 697, 699.

Appellants having failed to perfect their appeal by filing in the office of the Clerk of the Supreme and Appellate Courts, within the time required under Rule 2-2, *supra,* and extended by order of this court, appellee's motion to dismiss the appeal should be sustained.

". . . Unless the transcript and assignment of errors is filed within the time allowed there is no cause in the appellate tribunal, and the appeal will be dismissed." (Citing authorities.) *McGuire* v. *Review Bd., Emp. Sec. Div.* (1951), 121 Ind. App. 377, 380, 99 N. E. 2d 263.

Appeal dismissed.

NOTE.—Reported in 207 N. E. 2d 654.