WILLIAMSON *v.* CAZIER AND H. & H. DISTRIBUTING CO., INC.

[No. 269A41. Filed June 6, 1969. Rehearing denied July 31, 1969. Transfer denied October 29, 1969.]

*Raymond R. Pyatt, Justin Waitkus, Sackett, Pyatt & Waitkus*, of Gary, for appellant.

*Edmond Leeney, Galvin, Galvin & Leeney*, of Hammond, for appellees.

PER CURIAM—This action was filed in the Lake Superior Court, Room 3, sitting at Gary, Lake County, Indiana, by the plaintiff-appellant against the defendants-appellees to recover damages for personal injuries received by the plaintiff, which personal injuries resulted from a collision of his motor vehicle with that of a motor vehicle, which, at the time of the collision, was being operated by one Louise Cordingley at the intersection of Massachusetts Street and Ridge Road in the City of Gary, Indiana. The second paragraph of the complaint alleged that the defendant-appellee, Wesley L. Cazier, at the time of the collision, was operating a truck owned by the defendant-appellee, H. & H. Distributing Co. at said intersection; and charged the said Cazier with certain acts of negligence, namely: that said Cazier signalled to the plaintiff-appellant to cross said intersection from the north side of Ridge Road to the south side thereof without first

ascertaining if it was safe for the said plaintiff-appellant to cross said intersection.

The cause of action was later venued to the LaPorte Circuit Court. The defendants-appellees Wesley L. Cazier and H. & H. Distributing Company, Inc., filed a motion for a summary judgment and the trial court, on December 6, 1968, granted said motion and entered a judgment for the defendants-appellees Wesley L. Cazier and H. & H. Distributing Co., Inc.

On February 26, 1969, the appellant filed a petition with this court for an extension of time within which to file a transcript of these proceedings and assignment of errors; and said petition was granted on March 10, 1969, and the time to file said transcript and assignment of errors was extended to April 3, 1969.

Mr. Kendal E. Mathews, Clerk of the Supreme Court, received the following communication from Mr. Justin Waitkus, attorney for appellant:

"SACKETT, PYATT & WAITKUS
Attorneys at Law
Bank of Indiana Bldg.
569 Broadway
GARY, INDIANA
46402

April 3, 1969

Mr. Kendal E. Mathews, Clerk      RECEIVED
Appellate Court      APR 7 1969
State of Indiana
State House      Kendal E. Mathews
Indianapolis, Indiana 46200      CLERK

Re: Bill Williamson vs. Wesley L. Cazier
and H. & H. Distributing Company
Cause No. 269 A41

Dear Sir:

Enclosed please find Transcript of the record in the above captioned matter. Would you please enter the Transcript

of Record in the Appellate Court under date of April 3, 1969.

I have a Xerox copy of the transcript so it will not be necessary for you to return the transcript to me.

Thank you for your courtesy in this matter.

Yours very truly,
/s/ Justin Waitkus
Justin Waitkus

JW :eb
Enc.
cc: Mr. Edmond Leeney
Mr. Jon Schmoll"

From an examination of the letter it clearly appears that the letter was mailed at Gary, Indiana, on April 3, 1969, and was received by the Clerk of this Court, Mr. Kendal E. Mathews, on April 7, 1969; the transcript and assignment of errors were stamped "Filed" as of April 3, 1969.

On April 17, 1969, the appellees filed a motion to dismiss this appeal, alleging in substance therein the following:

1. That upon the petition of appellant herein this court entered an order on March 10, 1969, extending the time within which to file transcript and assignment of errors to and including April 3, 1969.

2. That on April 4, 1969, the attorneys for the appellees received a copy of a letter addressed to the clerk of this court, dated April 3, 1969, in which letter the attorney for the appellant requested that the clerk of this court enter transcript of record in the Appellate Court under the date of April 3, 1969.

3. That it appears, therefore, that the transcript and assignment of errors was received by this court after April 3, 1969, and could not have possibly been filed on April 3, 1969.

4. That the appellees pray this court to dismiss this appeal for lack of jurisdiction.

It is the position of the appellees that Rule 2-2 of the Supreme Court of Indiana provides that in all appeals and reviews the assignment of errors and the transcript of the record is required to be filed in the office of the Clerk of the Supreme and Appellate Court within 90 days from the date of the judgment or ruling on the motion for a new trial. However, if within the time for filing the assignment of errors and transcript, as provided in said Rule 2-2, it is made to appear by affidavit filed with the court to which an appeal or review is sought, that it has been and will be impossible to procure a bill of exceptions or transcript and assignment of errors within the time prescribed in Rule 2-2, the court may, in its discretion, grant a reasonable extension of time within which to file such transcript and assignment of errors, in the manner as prescribed in Rule 2-16 of the Supreme Court of Indiana.

The appellees maintain that in this case a timely petition for extension of time to file the transcript and assignment of errors was filed, and on March 10, 1969, this court entered an order extending the time to file transcript and assignment of errors to and including April 3, 1969.

However, it is the position of the appellees that Rule 2-15A of the Supreme Court, which rule reads as follows:

> "*Motions, petitions* and *briefs* will be deemed filed with the clerk or served upon the opposing party or his counsel upon the deposit of the same in the United States mail or with the Railway Express Agency, Inc., charges prepaid, properly addressed to the clerk or to the opposing party or his counsel, as the case may be. In case of filing or service by mail or Railway Express Agency, Inc., a receipt of such deposit or a copy thereof, or return receipts when sent by registered or certified mail, or an affidavit of such mailing or deposit with the Railway Express Agency, Inc., shall be promptly filed with the clerk of this Court. . . ." (Emphasis supplied).

applies only to motions, petitions and briefs, and does not specifically apply to transcripts and assignments of error; and that, under the maxim: "Expressio Unius Est Exclusio Alterius" only *motions, petitions* and *briefs* are included within the import of Rule 2-15A.

In support of this position the appellees cite the case of *Gene Rodgers v. Rodgers* (1965), 137 Ind. App. 290, 207 N. E. 2d 654, in which this court said:

> "Appellants having failed to perfect their appeal by filing in the office of the Clerk of the Supreme and Appellate Courts, within the time required under Rule 2-2, *supra,* and extended by order of this court, appellee's motion to dismiss the appeal should be sustained."

The appellees further cite the case of *McGuire v. Review Board of the Indiana Employment Security Division et al.* (1951), 121 Ind. App. 377, 380, 99 N. E. 2d 263, 264, in which this court said:

> ". . . Unless the transcript and assignment of errors is filed within the time allowed there is no cause in the appellate tribunal, and the appeal will be dismissed. [Citing authorities.]"

It is further the position of the appellees that the transcript herein was mailed from Gary on April 3, 1969, that the following three days were holidays, and, therefore, the transcript was not received for filing by the clerk of this court until April 7, 1969; and that Rule 2-15A, prior to its amendment in 1964, did not include the words "motions and petitions". In *Sizemore v. Public Service Commission of Indiana* (1962), 242 Ind. 498, 180 N. E. 2d 232, and in *Muniz v. United States* (1958), 123 Ind. App. 433, 155 N. E. 2d 140, 156 N. E. 2d 641, this court held that the rule does not apply to the filing of motions and petitions, but that it merely supplemented Rule 2-13 as it relates to briefs.

The appellees maintain that if the Supreme Court of the State of Indiana in the adoption of Rule 2-15A intended said rule to encompass assignments of error and transcripts, it would have so stated and provided; and that it would be doing violence to the meaning of words to say that petitions, motions and briefs mean also assignments of error; in other words, do petitions, motions and briefs mean any and all things that by law or rule of court are required to be filed with the clerk?

It is the opinion of this court that the position of the appellees is tenable, and that Rule 2-15A was not intended to and does not include the filing by mail of transcripts and assignments of error. Therefore, it is our opinion that the motion to dismiss filed by the appellees should be sustained, and that this appeal be, and the same is, hereby dismissed. Costs are assessed against the appellant.

Sullivan, J., dissents with opinion, in which dissenting opinion Sharp and White, JJ., concur.

### DISSENTING OPINION

SULLIVAN, J.—The majority opinion correctly, I believe, construes Indiana Supreme Court Rule 2-15A to exclude transcripts and assignments of error. The opinion then concludes that a transcript and assignment of errors deposited in the U.S. mail upon the final day of a time period extension as duly granted by this Court, but not received by the Clerk until someday thereafter is not timely filed. I would agree with that conclusion also if such set of facts were before us.

The simple and unassailable fact is that the Court here attempts to answer questions not presented and totally ignores the central —— in truth, the only —— issue presented by appellees' Motion to Dismiss. Rule 2-15A is not involved. The sole issue here is whether the bare unsupported allegation of a Motion to Dismiss to the effect that a transcript and assignment of error was not timely filed can overcome

evidence of the time of filing as shown by the official indorsement of the Clerk of the Supreme and Appellate Court.

Filing procedures statutorily required of clerks of circuit courts are identical to those required of the Clerk of the Supreme and Appellate Court. Of both offices it is required that the Clerk "indorse the time of filing" of all books, records or writings required to be filed in said office. 2 R.S. 1852, ch. 2, § 2, and ch. 5, § 3, as found respectively in Burns' (1964 Repl.), § 49-2102 and § 49-2706.

The evidentiary effect of such file-mark indorsement is specifically set forth in Acts 1881 (Spec. Sess.), ch. 38, § 345, as found in Burns' (1968 Repl.), § 2-1641, as to county clerks and is by necessary analogy therefore applicable to the Clerk of this Court. Said section provides as follows:

> "The clerk shall indorse upon every paper filed in his office . . . the date of the filing . . . *and the indorsement shall be presumptive evidence of the time of the filing* . . ." (Emphasis supplied).

This court, as any other court, can speak only through its official records and it is well established that the official acts of public officials are presumed to be regular absent probative evidence to the contrary. *White v. Board of Medical Registration* (1956), 235 Ind. 572, 134 N. E. 2d 556; *Steele v. Fowler* (1942), 111 Ind. App. 364, 41 N. E. 2d 678. The policy consideration for such presumption is well stated in *Yocum v. Yocum* (May 16, 1969, 144 Ind. App. 510, 247 N.E. 2d 532, [17 Ind. Dec. 479], as follows:

> ". . . there is also an underlying, unformulated public policy which favors the security and stability of a society in which citizens can rely on the authenticity and veracity of public records . . ."

Quite clearly, Rule 2-15A does not permit a transcript or assignment of errors to be "filed" on the date it is deposited in the U.S. mail. The clerk would not, I feel certain, take it upon himself to read into that rule language which is not

there. For this reason and absent probative evidence to the contrary, I believe we must accept the clear and unmistakeable indorsement of the clerk as to the date upon which this transcript and assignment of errors was filed. We cannot presume that the clerk would so casually indorse an official record with a date other than that upon which it was filed.

In the appeal now before us, the official records required to be kept by the clerk show the following entries:

| "DATE OF FILING | MINUTES |
|---|---|
| 1969, Feb 26 | Petition for Extension of time to file Transcript and Assignment of Errors (3) Notice to Appellees (3) Proof of Service (3) |
| "1969, Mar 10 | Appellant's petition for time to file Trans & A.E. granted to Apr. 3, 1969. Hoffman Acting C.J. |
| "*1969, April 3* | *Transcript and Assignment of Error filed under Rule 2-14.[1]* |
| "1969, April 17 | Appellees motion to dismiss (6) Brief in support (6) Proof of service (6) |

> TRANSMITTED ON
> DATE 4-21-69

| | |
|---|---|
| "1969, April 23 | Appellant's Memorandum in opposition to appellees Motion to Dismiss (9) Affidavit of service (1) Appearance of Justin Waitkus for appellant |
| "1969, April 25 | Appellee's memorandum in reply to Appellants memorandum in opposition to Appellee's motion to dismiss (6) Proof of Service (6)" (emphasis supplied) |

---

1. Rule 2-14 mentions nothing concerning the U.S. mail. It reads as follows: "Every appeal shall be submitted on the date of filing the transcript and assignment of errors. Adopted April 17, 1940. Effective September 2, 1940."

In addition thereto, the transcript and assignment of error itself bears the official file-mark indorsement of the Clerk of this Court dated April 3, 1969.

The majority of the members of this court premise their conclusion solely upon an unidentified, unsworn, incompetent and inadmissible piece of purported correspondence between appellant's attorney and the clerk of this court. It is well established that on appeal a transcript of record and bill of exceptions is conclusive and imports absolute verity. *Bayman v. Farmers Mutual Fire Insurance Assoc.* (1938), 213 Ind. 389, 12 N. E. 2d 945; *Evansville White Swan Laundry, Inc. v. Goodman* (150), 228 Ind. 253, 91 N. E. 2d 180; 3 Wiltrout, Indiana Practice § 2292. Such record cannot be controverted by extraneous writings or statements. *Walner v. Capron* (1946), 224 Ind. 267, 66 N. E. 2d 64; *Louisville, New Albany & Chicago RR Co. v. Kane* (1889), 120 Ind. 140, 22 N. E. 80; *State ex rel Huffman v. Parish* (1882), 83 Ind. 223; *Fulkerson v. Armstrong* (1872), 39 Ind. 472; *Kraft v. Weaver* (1950), 120 Ind. App. 276, 90 N. E. 2d 506. Even assuming that the official records of the clerk of this court are not entitled to the same weight and credit as a certified transcript from a trial court, it would seem that the official clerk's indorsement and the official records of his office are at least entitled to be relied upon as true unless and until controverted by something more substantial than a conclusionary allegation in an unsworn motion or a piece of correspondence. Until today determination of meaningful legal questions required something with more substance. See *Swartzell v. Herrin* (June 5, 1969), 144 Ind. App. 611, 248 N. E. 2d 38. I hope that the majority opinion will not result in an avalanche of letters to county clerks and to the clerk of this Court. We should not and cannot advocate even by inference that it is permissible to litigate by U.S. mail.

The only thing properly before this court purporting to assert that the transcript and assignment of error was not

timely filed is the naked and unsupported allegation of appellees in their motion to dismiss.

It is well established, as stated in *Rosenstein v. State* (1894), 9 Ind. App. 290 at 291, 36 N. E. 652:

"... the mere statement of a fact in a motion is not such proof of its existence as authorizes a court to act upon it."

Even more to the point is Indiana Supreme Court Rule 2-12, which reads in part as follows:

"... if [a motion] is founded on matters of fact which are not apparent from the record or admitted, it must be supported by affidavit."

Here, appellees' motion stands quite alone and unsupported by affidavit or otherwise. It is wholly insufficient and in my opinion should be overruled.

Sharp, White, JJ., concur.

NOTE.—Reported in 248 N. E. 2d 43.